**Jay W. BRAZELTON,**
**Appellant (Plaintiff),**

v.

**JACKSON DRUG COMPANY, INC., a**
**Wyoming corporation, Appellee**
**(Defendant).**

**No. 90–13.**

Supreme Court of Wyoming.

Sept. 5, 1990.

* Chief Justice at time of oral argument.

James P. Castberg, Sheridan, for appellant.

David K. Larson of Mullikin, Larson & Swift, Jackson, for appellee.

Before CARDINE, C.J.*, and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Justice.

Appellee Jackson Drug Company, Inc. (Jackson Drug) exercised a renewal option in a building lease. Lessor, appellant Jay W. Brazelton, brought this action to have the lease declared void. Brazelton appeals the summary judgment in favor of Jackson Drug.

We affirm.

Brazelton states the issues as follows:

"I. The Right to renew the lease is subject to a condition precedent which condition precedent the Appellee failed to perform.

"II. Appellant was entitled to refuse Appellee's Exercise of option to renew after initial lease term had expired for failure of Appellee to fulfill conditions precedent.

"III. Appellant did not waive his right to refuse the [Appellee's] exercise of the option to renew as provided by the Lease Agreement."

The essential facts are not in dispute. On October 1, 1978, appellant and his then wife entered into an agreement to lease the ground floor and basement of a building for ten years to Jackson Drug. Signing the lease for Jackson Drug were Stephen Schulz and Charles Gaudet, secretary-treasurer and president of the corporation respectively. Schulz and Gaudet became the sole shareholders of Jackson Drug on September 30, 1978. The corporation ratified the lease at its annual meeting on October 3, 1978.

Brazelton's attorney had drafted the lease. The lease required Jackson Drug to pay $10,200 for the first year's rent in monthly installments with annual increases to be based on the cost-of-living index. The lease contained no provision requiring Brazelton to give notice to Jackson Drug in order to initiate an increase in rent. Additionally, the lease required Jackson Drug to pay any increase in taxes and assessments over the amounts assessed in 1978. This requirement was contained in two different sections of the lease. The section of the lease titled "Rent" stated the increase in taxes and assessments was to be paid "without notice." The section titled "Taxes" also provided that Jackson Drug pay increases in taxes and assessments but failed to require payment upon notice or lack of notice of the amount due. The "Default" section gave Jackson Drug ten days after written notice from the landlord to cure any default.

The initial term of the lease ran until October 1, 1988. Jackson Drug had the option to renew the lease for two additional ten-year periods if it "fully complied with all the conditions" of the lease and notified the landlord of its intent to renew 90 days before expiration of the lease. On February 5, 1988, Jackson Drug delivered to Brazelton the requisite notice of intent to renew. Brazelton responded in July claiming the lease was of no force and effect because Jackson Drug had failed to properly execute the lease in October of 1977. Brazelton considered the lease non-binding and demanded that Jackson Drug pay a greatly increased amount of rent. In August of 1988, Jackson Drug tendered its rent check twice, but Brazelton refused to accept it. Instead, on August 29, Brazelton served a notice to quit, vacate and leave the premises by September 2, 1988.

In September of 1988, Brazelton filed suit, alleging that the lease was void because it was never properly executed by Jackson Drug and that the lease was unconscionable. He asked for a declaratory judgment finding the lease unenforceable. Jackson Drug answered and counterclaimed alleging that Brazelton had breached the lease, including the covenant of quiet enjoyment, and abused civil process by filing suit. It requested specific performance of the lease plus damages. In May of 1989, Brazelton moved to amend his complaint by adding an allegation that Jackson Drug had failed to pay increased taxes. Upon receipt of the amended complaint, Jackson Drug tendered the amount of back taxes which Brazelton claimed were due. Brazelton refused to accept the tendered check for taxes.

The trial court granted Jackson Drug summary judgment following a hearing on July 14, 1989, finding that the lease was properly executed and binding upon both parties. Since the lease was drafted by Brazelton's attorney, the court construed any ambiguities against Brazelton. The court found the lease sections dealing with Jackson Drug's responsibility to pay increased taxes and the section pertaining to notice upon default ambiguous and construed the lease to require that Brazelton

notify Jackson Drug of default and that thereafter Jackson Drug could, within ten days, cure the default. Since Jackson Drug had tendered payment of the increased taxes when it received notice through the amended complaint, the court found it was not in default.

A grant of summary judgment is proper only when there are no genuine issues of material fact, and the prevailing party is entitled to judgment as a matter of law. W.R.C.P. 56(c); *Wagner v. First Wyoming Bank, N.A. Laramie*, 784 P.2d 224, 226 (Wyo.1989). Although Brazelton lists three issues, disposition of all three issues depends upon construction of the lease. Leases are contractual in nature. *Kurpjuweit v. Northwestern Development Co., Inc.*, 708 P.2d 39, 43 (Wyo.1985). Contract construction and interpretation are for the court as a matter of law. *Woods Petroleum Corp. v. Hummel*, 784 P.2d 242, 243 (Wyo.1989). As no issue of material fact exists here, we concern ourselves only with the second prong of the requirement for a proper grant of summary judgment, i.e., whether Jackson Drug was entitled to summary judgment as a matter of law.

The lease contains an ambiguity because its requirement for notice of default and opportunity to cure default are unclear. See *Farr v. Link*, 746 P.2d 431, 433 (Wyo. 1987); *Meuse-Rhine-Ijssel Cattle Breeders of Canada Ltd. v. Y-Tex Corp.*, 590 P.2d 1306, 1311 (Wyo.1979). The lease required Jackson Drug to pay increased taxes "without notice" but is silent as to whether notice of default after failure to pay additional taxes is necessary. The "Default" section provided that Brazelton must notify Jackson Drug and allow ten days to cure any default before Brazelton can seek any other relief. Read separately, these provisions in the lease are in conflict. One section provides that a breach occurs when additional taxes are unpaid regardless of notice, while another section provides that no breach occurs until the landlord gives notice of a default and opportunity to cure.

■ The lease is to be construed as a whole with the objective to find a reasonable construction which, if possible, does not render any provision meaningless.

*Shepard v. Top Hat Land & Cattle Co.*, 560 P.2d 730, 732 (Wyo.1977). Any doubts as to its meaning should be resolved against the party drafting the lease, in this case, Brazelton. *King v. Richards-Cunningham Co.*, 46 Wyo. 355, 28 P.2d 492, 496 (1934). The statement that additional taxes are to be paid "without notice" is contained in the "Rent" section. Under the terms of that section, annual rent increases are based on changes in the consumer price index. The lease contains no specific provision for informing Jackson Drug of the amount of such increase. However, logic dictates that Jackson Drug must be informed of the amount of the increase in order to pay it. Once informed, rent under the lease must be paid in monthly installments. The requirement for payment of additional tax is akin to the payment of increased rent, i.e., once Jackson Drug is informed of the additional taxes, it has a duty to pay. Upon failure to pay, Brazelton must give notice to Jackson Drug of its default and allow ten days to cure default before pursuing other remedies.

The record indicates that Brazelton's motive for attempting to void the lease was to increase the rent from Jackson Drug, because the rent charged was lower than rents charged other businesses in the vicinity of Jackson Drug. We have the duty to sustain the legality of contracts fairly entered into if reasonably possible. *Kuehne v. Samedan Oil Corp.*, 626 P.2d 1035, 1040 (Wyo.1981). Absent overreaching, we will not aid one who discovers that he has made a unwise bargain in entering into a contract. *Matter of Estate of Frederick*, 599 P.2d 550, 556 (Wyo.1979). Brazelton asks us to do just that. We decline the invitation. Jackson Drug was first informed of an increase in taxes when it received notice in the amended complaint. It immediately tendered the amount of the additional taxes. This was in compliance with the terms of the lease. Jackson Drug is entitled to extend the term of the lease under its renewal option.

Affirmed.