811 P.2d 726 (1991)
Sandra Rae GIBSON, as Personal Representative and Administratrix of the Estate of April Dawn Gibson, and Stephen W. Lewis, as Personal Representative and Administrator of the Estate of Crystal Lynette Lewis, Appellants (Plaintiffs),
Ivy Lakey, as Personal Representative and Administrator of the Estate of Cindy L. Lewis (Plaintiff),
v.
The STATE of Wyoming through the DEPARTMENT OF REVENUE AND TAXATION, Lynn Funkhouser, individually, in his capacity of Driver Control Manager of the Department of Revenue and Taxation, and Larry Pitmon, individually, in his capacity of Supervisor of the Financial Responsibility Division of the Department of Revenue and Taxation, Appellees (Defendants).
No. 90-274.
Supreme Court of Wyoming.
May 22, 1991.
*727 Robert W. Horn, Jackson, for appellants (plaintiffs).
Joseph B. Meyer, Atty. Gen., Michael L. Hubbard, Sr. Asst. Atty. Gen., and Milo M. Vukelich, Asst. Atty. Gen., for appellees (defendants).
Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.
CARDINE, Justice.
Appellants Sandra Rae Gibson, as the personal representative of the estate of April Dawn Gibson, and Stephen W. Lewis, as the personal representative of the estate of Crystal Lynette Lewis, seek review of an order of the district court dismissing their complaint asserting negligence claims against appellees State of Wyoming and two employees of the Wyoming Department of Revenue and Taxation. Appellants complained that the negligence of the named state employees, in failing to enforce Wyoming's financial responsibility statutes, was the proximate cause of their damages.
We affirm.
In their complaint appellants allege that John C. Ramey caused the deaths of their decedents on December 3, 1988; that Ramey was driving westbound in the eastbound lane of Interstate 25 about nine miles east of Casper when he collided with the decedents; that Ramey, prior to this accident, had been required to show financial responsibility in accordance with W.S. 31-9-401, et seq., because of traffic violations; and that he had, in fact, submitted such documentation to the Department of Revenue and Taxation, Financial Responsibility Division (FRD). In addition, exhibits attached to the complaint demonstrated that, under date of December 16, 1987, Ramey's insurer notified the FRD that Ramey had the statutorily required insurance in place. A second document was submitted to the FRD by Ramey's insurer, under date of May 31, 1988, which notified FRD that Ramey's insurance coverage was to be cancelled on June 18, 1988. Appellants alleged in their complaint that, under the governing statutes, the FRD was required to suspend the license and registration of Ramey for his failure to maintain proof of financial responsibility. Appellants maintain FRD failed to do this, and that failure was the proximate cause of their damages.
Pursuant to motion filed by appellees, the district court dismissed appellants' complaint on the basis that W.S. 1-39-108 did not waive the immunity of the State for the appellants' claim.
In this appeal appellants reassert their contention that the State of Wyoming waived its immunity to their suit by enactment of W.S. 1-39-108, which provides:
"(a) A governmental entity is liable for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation of public utilities and services including gas, electricity, water, solid or liquid waste collection or disposal, heating and ground transportation.
"(b) The liability imposed pursuant to subsection (a) of this section does not include liability for damages resulting from bodily injury, wrongful death or property damage caused by a failure to provide an adequate supply of gas, water, electricity or services as described in subsection (a) of this section."
Appellants argue that the state employees who manage FRD and who are named in the complaint as defendants are "intimately involved in ground transportation because these employees determine who will be licensed to operate motor vehicles and which motor vehicles will be registered for operation." Appellants concede that their proposed construction of W.S. 1-39-108(a) requires this court to give credence to their argument that the statute is ambiguous. Appellants assert that ambiguity arises because the State sought to limit the application of W.S. 1-39-108 to only public utilities; but, appellants' argument continues, the use of "and" between "public utilities and services" creates two elements  *728 "public utilities" and "services." "Services" cannot be absorbed into "public utilities," they continue, without violating the rule reiterated in Story v. State, 755 P.2d 228, 231 (Wyo. 1988), that "all portions of an act must be read in pari materia, and every word, clause and sentence of it must be considered so that no part will be inoperative or superfluous." The argument continues at least one step further, asserting that the language "and services" is rendered meaningless and superfluous if it is only treated as another way of saying "public utilities." Appellants then conclude that the "services" provided by FRD employees relate to ground transportation and, hence, immunity is waived.
We are unable to give credence to the ambiguity which appellants assert. We have viewed the facts pled by appellants in the light most favorable to sustaining their complaint. We have held that the Wyoming Governmental Claims Act, W.S. 1-39-101, et seq., is a close-ended tort claims act; and unless a claim falls within one of the statutory exceptions it will be barred. Soles v. State, 809 P.2d 772 (Wyo. 1991). Wyoming Statute 1-39-108 is clear and unambiguous. It applies to waive immunity for governmental entities whose public employees operate public utilities and who provide gas service, electric service, and other enumerated services, including ground transportation service. A ground transportation service is a service that transports customers over the ground. Wyoming Statute 1-39-108 does not, within its language, include the authorities that license the public employees or entities that provide gas, electric, transportation and other listed services. We hold, therefore, that W.S. 1-39-108 is unambiguous, at least to the extent that the enforcement of this state's financial responsibility laws by employees of the FRD is not included in the waiver of immunity articulated by that statute.
The order of the district court dismissing the complaint is affirmed.