Bernice Norskog WORDEN,
Appellant (Plaintiff),

v.

VILLAGE HOMES, a partnership, J.B.
Hendrix, Donald R. Carroll, William
Rawlings, John A. Carroll, and the City
of Sheridan, Wyoming, a Municipal
Corporation, Appellees (Defendants).

No. 91–25.

Supreme Court of Wyoming.

Dec. 3, 1991.

Micheal K. Shoumaker, argued, Sheridan, for appellant.

Stephenson D. Emery, argued, of Williams, Porter, Day & Neville, Casper, for appellee Village Homes.

Robert W. Brown, argued, of Lonabaugh and Riggs, Sheridan, for City of Sheridan.

Before URBIGKIT, C.J., THOMAS, CARDINE and GOLDEN, JJ., and RAPER, J., Retired.

CARDINE, Justice.

This was an action in which appellant, Bernice Worden, sought to recover claimed damages to her more than ten-year-old dwelling house resulting from a construction defect of appellee, Village Homes, which defect appellee, City of Sheridan Building Inspector, failed to detect and prevent. Summary judgment was entered in favor of appellees based on the statute of repose barring an action against Village Homes and on the immunity of the City.

We affirm.

Worden states the issues as:

"I. Is Wyoming Statute 1–3–111 unconstitutional?

"II. Is the City of Sheridan immune from suit for its building inspector's negligence under the Governmental Claims Act?"

In 1977, Village Homes constructed the Bernice Worden house in Sheridan, Wyoming. Construction was completed by June 14, 1977, and a warranty deed for the house was issued to the original purchasers on July 8, 1977. Worden purchased the house in September 1986. On June 4, 1988, a water pipe broke in the basement. The cause of the break, according to an engineering report issued on September 6, 1988, was that the soil on which the foundation sits was unsuitable, improperly compacted, and the foundation footings were not below the frost line.

Worden brought suit on April 3, 1990, against Village Homes for negligence and violating an implied warranty of habitability, and against the City of Sheridan for negligently inspecting the foundation. The suit asked for $20,000 in damages.

Village Homes and the City of Sheridan both moved for summary judgment. Village Homes argued that W.S. 1–3–111 barred Worden's action since it was brought more than ten years after the house was substantially completed. *See* W.S. 1–3–110. Wyoming Statute 1–3–111 states:

"(a) Unless the parties to the contract agree otherwise, no action to recover damages, whether in tort, contract, indemnity or otherwise, shall be brought more than ten (10) years after substantial completion of an improvement to real property, against any person constructing, altering or repairing the improvement, manufacturing or furnishing materials incorporated in the improvement, or performing or furnishing services in the design, planning, surveying, supervision, observation or management of construction, or administration of construction contracts for:

"(i) Any deficiency in the design, planning, supervision, construction, surveying, manufacturing or supplying of materials or observation or management of construction;

"(ii) Injury to any property arising out of any deficiency listed in paragraph (i) of this subsection; or

"(iii) Injury to the person or wrongful death arising out of any deficiency listed in paragraph (i) of this subsection.

"(b) Notwithstanding the provisions of subsection (a) of this section, if an injury to property or person or an injury causing wrongful death occurs during the ninth year after substantial completion of the improvement to real property, an action to recover damages for the injury or wrongful death may be brought within one (1) year after the date on which the injury occurs."

Worden responded by arguing that W.S. 1–3–111 was unconstitutional. We had found a different version of this statute unconstitutional in 1980. *Phillips v. ABC Builders, Inc.,* 611 P.2d 821 (Wyo.1980).

The City of Sheridan argued that it was immune because Worden's claim was not one of those for which it was liable under the Wyoming Governmental Claims Act, W.S. 1–39–101 through –120. The City maintained that none of the enumerated waivers of immunity covered Worden's claim nor did the City maintain insurance coverage which would extend liability for her claim pursuant to W.S. 1–39–118. Worden responded by contending that the Wyoming Governmental Claims Act waived immunity for her claim under W.S. 1–39–108(a), which provided liability for damages caused

"by the negligence of public employees while acting within the scope of their duties in the operation of *public utilities and services, including gas, electricity, water, solid or liquid waste collection or disposal, heating and ground transportation.*" (emphasis added)

The trial court found that there was no issue of material fact and granted summary judgment in favor of both defendants. The court held that W.S. 1–3–111 applied to the cause of action against Village Homes and that it was constitutional. It also found the City possessed immunity

from this claim under the Wyoming Governmental Claims Act.

A grant of summary judgment is proper only when there are no genuine issues of material fact and the prevailing party is entitled to judgment as a matter of law. W.R.C.P. 56(c). The facts here are not in dispute; and thus, we concern ourselves with the second prong of the test, whether Village Homes and the City of Sheridan were entitled to judgment as a matter of law. *Brazelton v. Jackson Drug Co., Inc.*, 796 P.2d 808, 810 (Wyo.1990).

## THE CLAIM AGAINST VILLAGE HOMES

█ Worden contends that W.S. 1–3–111 is unconstitutional. She tells us "the core of the question is whether the classification prescribed by the statute has a rational basis." As with anyone denying the constitutionality of a statute, Worden bears the burden to demonstrate that the statute is unconstitutional beyond a reasonable doubt. *Meyer v. Kendig*, 641 P.2d 1235, 1238 (Wyo.1982). When confronted with a constitutionally-based challenge to a statute, we start with a presumption of constitutionality and resolve any reasonable doubt in favor of finding the statute constitutional. *Thomson v. Wyoming In-Stream Flow Committee*, 651 P.2d 778, 790 (Wyo.1982); *Hoem v. State*, 756 P.2d 780, 788 (Wyo.1988) (Cardine, J., dissenting). Worden draws our attention to three sections of the Wyoming Constitution which she argues are violated by this statute. Article 1, § 8 states:

"All courts shall be open and every person for an injury done to person, reputation or property shall have justice administered without sale, denial or delay. Suits may be brought against the state in such manner and in such courts as the legislature may by law direct."

Article 1, § 34 states:

"All laws of a general nature shall have a uniform operation."

Article 3, § 27 states in pertinent part:

"The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: * * * for

limitation of civil actions; * * * granting to any corporation, association or individual * * * any special or exclusive privilege, immunity or franchise whatever * * *. In all other cases where a general law can be made applicable no special law shall be enacted."

In *Phillips*, 611 P.2d 821, we held that W.S. 1–3–111 as it was then worded was unconstitutional because it granted immunity to a limited class of persons and because it was a special law enacted in a situation where a general law could be made applicable, in violation of Wyo. Const. Art. 1, § 8, and Art. 3, § 27. *Id.*, at 831. The former W.S. 1–3–111 (Dec. 1977 Repl.), in effect when *Phillips* was decided, provided in part:

"(a) No action to recover damages, whether in tort, contract or otherwise, shall be brought more than ten (10) years after substantial completion of an improvement to real property, against any person performing or furnishing the design, planning, supervision, construction or supervision of construction of the improvement for:

"(i) Any deficiency in the design, planning, supervision, construction or observation of construction;

"(ii) Injury to any property arising out of any such deficiency; or

"(iii) Injury to the person or wrongful death arising out of any such deficiency."

We observed that a general law could be enacted instead of the above special law shielding only architects and contractors. 611 P.2d at 831. Justice Rooney, writing separately, noted that the statute would be constitutional "if it were all inclusive as the class of persons against whom actions may not be brought." *Id.* at 831 (Rooney, J., specially concurring).

Not long after we issued our *Phillips* opinion, the legislature adopted the current version of W.S. 1–3–111. 1981 Wyo.Sess. Laws ch. 166. The new version expanded the class against whom suit was barred by the statute of repose to include, in addition to those providing design and construction

services, parties altering or repairing the improvements or manufacturing or furnishing materials, *i.e.*, any party involved in an improvement to real property, excepting only from protection of the statute the person in actual control of the improvement. W.S. 1–3–112 states:

> "The limitation prescribed by this act [§§ 1–3–110 through 1–3–113] shall not be asserted by way of defense by any person in actual possession or control, as owner, tenant or otherwise, of the improvement at the time any deficiency in the improvement constitutes the proximate cause of the injury or death for which it is proposed to bring an action."

 In phrasing her argument, appellant claims that treating persons in control or possession of the improvement differently from others is a suspect classification. Thus, we must determine whether such a distinction is rationally related to a legitimate state objective. *White v. State*, 784 P.2d 1313, 1315 (Wyo.1989). The legislature elaborated on the purpose of W.S. 1–3–111 when the statute was enacted:

> "(a) The purpose of this law is to recognize that:
>
> "(i) Subsequent to the completion of construction, persons involved in the planning, design and construction of improvements to real estate lack control over the determination of the need for, the undertaking of and the responsibility for maintenance, and lack control over other forces, uses and intervening causes which create stress, strain, wear and tear to the improvements and usually have no right or opportunity to be aware of or to evaluate the effect of these forces on a particular improvement or to take action to overcome the effect of these forces;
>
> "(ii) It is in the public interest to set a period of time following the substantial completion of the project after which no action may be brought for errors and omissions in the design, planning, supervision, construction, surveying, manufacturing or supplying of materials or observations or management of improvements to real estate, whether or not these er-

rors and omissions have resulted or may result in injury;

> "(iii) It is in the public interest to allocate the burden of insuring against injury, property loss and wrongful death after ten (10) years to the owner or possessor of the improvement to real property, who routinely carries insurance against such risks and is in the position to do so most efficiently, upon whom already rests the duty to maintain and inspect the property, and in whom sufficient control over the property is vested to carry out that duty;
>
> "(iv) It is not in the public interest to impose liability in perpetuity upon those providing goods or services necessary to the improvement of real property;
>
> "(v) There does exist a reasonable basis for the protection provided to a broad class of individuals and business entities under this act, and it is the purpose of this act to provide such protection;
>
> "(vi) This legislation is determined to be in the public interest and in the interest of equating the rights of due process between prospective litigants in the area of planning, design, surveying and construction of improvements to real property in an equitable manner." 1981 Wyo. Sess.Laws ch. 166 § 2.

These purposes reflect the legitimate state objective of protecting the economic and social stability of the state. *State ex rel. Wyoming Ass'n of Consulting Engineers and Land Surveyors v. Sullivan*, 798 P.2d 826, 828 (Wyo.1990). Owners and occupiers of property and improvements thereon have a different duty of care than other parties having something to do with making a improvement upon the property. *E.g., Mostert v. CBL & Assoc.*, 741 P.2d 1090 (Wyo.1987). Furthermore, owners and occupiers have control over the premises and are responsible for their repair and maintenance. *Sedar v. Knowlton Construction Co.*, 49 Ohio St.3d 193, 551 N.E.2d 938, 948 (1990). Thus, it is rational for owners and occupiers to be treated differently than those others in this situation. On this basis we find W.S. 1–3–111 not to violate either Wyo. Const.Art. 1, § 34 or Art. 3, § 27.

■ We also must examine this statute in light of Art. 1, § 8. The statute is a statute of repose. *Richardson Assoc. v. Lincoln–DeVore, Inc.*, 806 P.2d 790, 801 (Wyo.1991). We have noted the difference between statutes of limitation and statutes of repose as follows:

"Statutes of repose and statutes of limitations are often confused. They are similar in that both prescribe the time period within which a plaintiff may commence his suit. The distinguishing feature between the two is the time at which the respective periods commence. Generally, * * * if the plaintiff's cause of action accrues and the statutory period commences when the injury occurs or, as is most often the case, when the plaintiff is or should be aware that he has been injured, the statute is properly termed a statute of limitations. If the statutory period commences upon the occurrence of an event, regardless of when the injury occurs, at a time when the plaintiff may or may not be aware of any injury, the statute is properly termed a statute of repose. In the latter case the repose period commences upon the occurrence of an event, such as the negligent act * * *, but the injury caused by this act or omission may be latent and therefore not manifest itself until after the statutory period has elapsed. Consequently, the plaintiff's claim may be barred before he is or should be aware that he has been injured or has a claim." *State ex rel. Wyoming Workers' Comp. Div. v. Halstead*, 795 P.2d 760, 765 n. 9 (Wyo.1990).

The triggering event to begin the repose period under W.S. 1–3–111 is "substantial completion of [an] improvement to real property." Ten years after that event no cause of action may accrue. Although Art. 1, § 8 requires courts to be open to all, it does not prohibit setting standards for and limitations upon causes of action. *Meyer*, 641 P.2d at 1241. We find nothing repugnant to Art. 1, § 8 in requiring that a cause of action accrue within a specified period or never at all.

Much of Worden's argument discusses policy considerations concerning her perceived unfairness of the statute and its bar. Such policy arguments are for the legislature to consider in its enactment of statutory law and generally not for us. We hold that W.S. 1–3–111 is constitutional and the trial court correctly dismissed the claim against Village Homes because it was barred under the statute.

## CLAIM AGAINST THE CITY OF SHERIDAN

■ Worden brought her suit against the City of Sheridan pursuant to the Wyoming Governmental Claims Act. This is a close-end tort claims act. Unless a claim falls within one of the statutory exceptions to governmental immunity, the claim will be barred. *Gibson v. State Through Dep't of Revenue and Taxation*, 811 P.2d 726, 728 (Wyo.1991). Worden relies upon W.S. 1–39–108 to argue that a statutory exception exists to the grant of immunity which would allow this cause of action. In *Gibson*, we held that this statute is clear and unambiguous.

"[W.S. 1–39–108] applies to waive immunity for governmental entities whose public employees operate public utilities and who provide gas service, electric service, and other enumerated services, including ground transportation service." 811 P.2d at 728.

A housing inspection is not one of the enumerated public utility or ground transportation service exceptions to the waiver of immunity. We find no other exception under which Worden's suit could be maintained. The trial court correctly found that Worden's suit was barred because no exception to the Wyoming Governmental Claims Act existed which would have allowed it.

Affirmed.

THOMAS, Justice, concurring specially.

I agree with the disposition of this case in accordance with the opinion of the court. However, I continue to regard *Mostert v. CBL & Associates*, 741 P.2d 1090 (Wyo. 1987), as a sport in an otherwise well-settled area of the law (like a streaker at the

Academy Awards ceremony). I can find nothing in that opinion to support a legislative determination that there is a difference between those who have owned and occupied property for more than ten years and other owners and occupiers of property or other parties who have worked on the property. I would eliminate that citation as well as any citation to a dissenting opinion as authority.