**The CITY OF CHEYENNE, a Municipal Corporation, Charles H. Garey, an Individual, Petitioners (Defendants),**

v.

**In the Matter of Patricia E. HUITT and Douglas G. Madison, as Personal Representatives for the Estate of Steven L. Huitt, deceased, and on behalf of Patricia Huitt, individually, Ericka Stephenson, individually, Joseph Huitt, individually, Wayne Huitt, and Sheila Huitt, individually, Respondents (Plaintiffs).**

No. 91-259.

Supreme Court of Wyoming.

Jan. 12, 1993.

Rebecca A. Lewis of Hirst & Applegate, Cheyenne, for petitioners.

Rhonda S. Woodard of Burke, Woodard & Bishop, Cheyenne, for respondents.

Before URBIGKIT, C.J., THOMAS, CARDINE and GOLDEN, JJ., and ROONEY, J., (Retired).

ROONEY, Justice (Retired).

A Writ of Certiorari was issued by this court to the First Judicial District Court, Laramie County, upon petition of the City of Cheyenne and Charles Gary (City) for the purpose of reviewing the following issue:

> "Is a city fire department a 'public utility and service' within the meaning of Wyoming Statute Section 1–39–108 such that it is exempted from the immunity granted by Wyoming Statute Section 1–39–104?"

The district court had previously denied petitioners' Motion for a Summary Judgment, which motion was premised upon a claim of immunity, and it had previously denied petitioners' Motion for Reconsideration of Denial of Summary Judgment and Entry of Judgment, which was premised upon the same claim.

Respondents contend the City did not enjoy immunity under Wyo.Stat. § 1–39–104 (1988) because that immunity was exempted by Wyo.Stat. § 1–39–108 or Wyo. Stat. § 1–39–106.[1] We find to the contrary and reverse the actions of the district court with reference to a summary judgment, and we remand this matter with direction

---

1. Although certiorari was requested and granted only with reference to the applicability of Wyo. Stat. § 1–39–108, that of Wyo.Stat. § 1–39–106 was argued and acted upon in the district court (decided favorable to the City), and it was briefed by the parties in this court. Under the circumstances of this case, we will address it in a summary fashion.

to enter a summary judgment in favor of the City.

Steven Huitt, an Airman stationed at F.E. Warren Air Force Base, was assigned as a firefighter to the Base Fire Department. On April 21, 1988, he was involved, along with other firefighters from the United States Air Force and the City, in a joint firefighter training exercise on the Base. The exercise involved the burning of a building on the Base. During the exercise, Steven Huitt entered the building, where he died. Respondents are his relatives and the personal representative for his estate. They brought this action alleging negligence on the part of the City.[2] Since a denial of a Motion for Summary Judgment without more is not normally an appealable final order, the Petition for a Writ of Certiorari was filed.

Wyo.Stat. § 1–39–104 (part of the Governmental Claims Act, Wyo.Stat. § 1–39–101 et seq.) provides immunity to governmental entities and to employees thereof acting in the scope of their employment for any tort except those specifically waived by the Act. It is a "close ended tort claims act." *City of Laramie v. Facer*, 814 P.2d 268 (Wyo.1991); *Gibson v. State Through Department of Revenue and Taxation*, 811 P.2d 726 (Wyo.1991).

### Wyo.Stat. § 1–39–108

■ Respondents contend that the waiver of immunity contained in Wyo.Stat. § 1–39–108(a) exists in this case. That section provides:

> "A governmental entity is liable for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation of public utilities and services including gas, electricity, water, solid or liquid waste collection or disposal, heating and ground transportation."

The City contends that firefighting is not an "operation of public utilities and services including gas, electricity, water, solid or liquid waste collection or disposal, heating

and ground transportation" and is, therefore, not within the waiver of immunity contained in Wyo.Stat. § 1–39–108. Respondents contend that, although not specified in the statute, firefighting is a public utility and service for which immunity is waived by the statute.

■ Wyo.Stat. § 1–39–108 is "clear and unambiguous." *Gibson*, 811 P.2d at 728. Therefore, we will not resort to rules of statutory construction and the words of the statute will be given their plain and ordinary meaning. *Soles v. State*, 809 P.2d 772 (Wyo.1991); *Campbell v. State*, 709 P.2d 425 (Wyo.1985); *State Board of Equalization v. Tenneco Oil Co.*, 694 P.2d 97 (Wyo. 1985); *Wallis v. Bosler*, 70 Wyo. 129, 246 P.2d 771 (1952). We "will not enlarge, stretch, expand or extend a statute to matters not falling within its express provisions." *Lo Sasso v. Braun*, 386 P.2d 630, 632 (Wyo.1963). Where a statute enumerates the subjects or things on which it is to operate, or the persons affected, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned under the rule of *expressio unius est exclusio alterius*. *Town of Pine Bluffs v. State Board of Equalization*, 79 Wyo. 262, 333 P.2d 700 (1958).

In *Gibson*, 811 P.2d 726 and *Worden v. Village Homes*, 821 P.2d 1291 (Wyo.1991), we held that the immunity waived by Wyo. Stat. § 1–39–108 is for the services enumerated in the statute.

If we would accept respondents' contention that firefighting is included among the governmental operations for which immunity is waived by Wyo.Stat. § 1–39–108, although not so specified therein, the same could also be true for all other governmental operations. The legislature, then, would have done a useless thing in specifying certain operations *in the statute* for which immunity is waived. Further, should we accept such contention, the legislature would also have done a useless thing in providing exceptions to immunity *in other statutes* contained in the Act, e.g., uses of motor vehicles, aircraft and watercraft

---

**2.** The record does not reflect an effort by either party to join the Air Force in this action.

in Wyo.Stat. 1–39–105 (1988); for operation of a building, recreation area or public park in Wyo.Stat. § 1–39–106; or for peace officers in Wyo.Stat. § 1–39–112 (1988).

 We have a duty to make sense out of the statutes if at all possible. *Mauler v. Titus*, 697 P.2d 303 (Wyo.1985). They should not be construed to be meaningless but should be given a reasonable and practical construction. *Id.; State Board of Equalization v. Cheyenne Newspapers, Inc.*, 611 P.2d 805 (Wyo.1980). The meaning of a statute should be ascertained as nearly as possible in the language of the statute itself. *Department of Revenue and Taxation of State of Wyoming v. Hamilton*, 743 P.2d 877 (Wyo.1987); *In re Adoption of MM*, 652 P.2d 974 (Wyo.1982); *Department of Revenue and Taxation v. Irvine*, 589 P.2d 1295 (Wyo.1979); *Johnson v. Safeway Stores, Inc.*, 568 P.2d 908 (Wyo. 1977).

Accordingly, since the negligence of firefighters is not specified in Wyo.Stat. § 1–39–108 as that for which immunity is waived, the defense of immunity under that section is valid in this action.

### Wyo.Stat. § 1–39–106

 Respondents contend that the waiver of immunity contained in Wyo.Stat. § 1–39–106 exists in this case. That section provides:

> "A governmental entity is liable for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, recreation area or public park."

The plain and ordinary meaning of the words "operation or maintenance of any building" does not encompass the deliberate destruction of it. In the context of the Act, the operation *of* a building is not the same as an operation *on* a building, and while the *maintenance* of a building *is* that done *on* or *to* a building, that done under *maintenance* is just the opposite of the destruction of it.

The circumstances here, with reference to the building, were obviously not those for which the legislature intended to waive immunity in enacting Wyo.Stat. § 1–39–106. The defense of immunity under that section is valid in this action.

Reversed and remanded with instructions.

CARDINE, J., files a dissenting opinion.

CARDINE, Justice, dissenting.

I would affirm the denial of summary judgment. A building was here maintained for the purpose of training firefighters. In the usual course of using a building for training, the building will be set afire, the fire put out, the building set afire again, the fire extinguished, and on and on. Here the building was destroyed. But that should make no difference in the outcome. I would hold that the application of W.S. 1–39–106 results in a waiver of immunity and would affirm the trial court's denial of summary judgment.