Charles E. BREDTHAUER and Cindy
S. Bredthauer, husband and wife,
Appellants (Plaintiffs),

v.

TSP, a Wyoming corporation,
Appellee (Defendant),

Lila West; VIP Realty, a Wyoming corporation; Darryl W. Lynde; Douglas P. Marquiss; CCP; Lance Cramer; Gary W. Cain; Paul J. Polen; Helen Hafling; Christian, Spring, Seilbach and Associates, a Montana corporation; Davis Surveying, a Wyoming corporation; First American Title Guaranty Company, a Wyoming corporation; Rocky Mountain Title Insurance Agency, a Wyoming corporation; Campbell Coun-

ty Abstract Company, a Wyoming corporation; Lawrence J. Christensen; the Board of County Commissioners of Campbell County; Harry Underwood; W.B. Fitch; and B.L. Tarver, (Defendants).

Charles E. BREDTHAUER and Cindy
S. Bredthauer, husband and wife,
Appellants (Plaintiffs),

v.

CHRISTIAN, SPRING, SEILBACH AND
ASSOCIATES, a Montana corporation,
Appellee (Defendant),

Lila West; VIP Realty, a Wyoming corporation; Darryl W. Lynde; Douglas P. Marquiss; CCP; Lance Cramer; Gary W. Cain; Paul J. Polen; Helen Hafling; TSP, a Wyoming corporation; Davis Surveying, a Wyoming corporation; Rocky Mountain Title Insurance Agency, a Wyoming corporation; Campbell County Abstract Company, a Wyoming corporation; Lawrence J. Christensen; the Board of County Commissioners of Campbell County; Harry Underwood; W.B. Fitch; and B.L. Tarver, (Defendants).

Nos. 93–11, 93–12.

Supreme Court of Wyoming.

Nov. 19, 1993.

Rehearing Denied Dec. 21, 1993.

Michael N. Patchen, Gillette, for appellants.

Robert W. Brown and Robert G. Berger of Lonabaugh and Riggs, Sheridan, for appellee TSP.

Curtis B. Buchhammer of Orr, Buchhammer & Kehl, Cheyenne, for appellee Christian, Spring, Seilbach and Assoc.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

CARDINE, Justice.

Cindy and Charles Bredthauer sued Christian, Spring, Seilbach and Associates (CSSA) and TSP for conducting erroneous land surveys. The trial court granted CSSA and TSP summary judgment based on W.S. 1–3–107(a)(i) (1988), the two-year statute of limitations for professionals. In *Bredthauer v. Christian, Spring, Seilbach and Assoc.*, 824 P.2d 560 (Wyo.1992) (hereinafter *Bredthauer I*), we reversed the trial court because of error in determining the date that the statutory limitation period had begun running. *Bredthauer I*, 824 P.2d at 564. On remand the trial court again granted CSSA and TSP summary judgment, this time based upon the limitation period in W.S. 1–3–111 (1988), the statute of repose. The Bredthauers appeal from this second summary judgment arguing res judicata, collateral estoppel, judicial estoppel and the doctrine of the law of the case.

We affirm.

## I. ISSUES

Appellants Bredthauers phrase the issues as:

Did the District Court err in ruling by summary judgment that the appellee surveyors TSP and CSSA can now successfully assert a new statute of limitations, (W.S. § 1–3–111(a)) labeled as a statute of repose, after stipulating in *Bredthauer v. CSSA*, 824 P.2d 560 (Wyo. 1992) that W.S. § 1–3–107(a)(i) controlled this case which ruling is directly contrary to the law of the case decided by the previous appeal and the trial court's prior rulings?

Appellee TSP frames the issue as follows:
A. Whether the District Court erred in granting summary judgment to Appellee TSP on the basis of the statute of repose set forth in § 1–3–111(a) W.S.1977, when the surveying work performed by Appellee TSP was substantially completed more than ten (10) years prior to the filing of Plaintiff's complaint.

Appellee, CSSA, presents two issues:
I. Appellants have improperly raised issues on appeal that were not raised before the District Court.

II. The District Court properly ruled that the statute of repose set forth in W.S. § 1–3–111 could be asserted to preclude Appellants' claims against Appellee Christian, Spring, Seilbach and Associates.

## *II. BACKGROUND*

The underlying facts of this case are presented in *Bredthauer I* and need not be repeated here. *See Bredthauer I*, 824 P.2d at 560–61. However, parts of the procedural history leading up to this second summary judgment are important and thus need mention.

In the fall of 1990, after the Bredthauers filed their original complaint in this action, both TSP and CSSA filed motions to dismiss. TSP's motion to dismiss was premised on the two-year statute of limitations. CSSA's motion to dismiss, however, was based on both the two-year statute of limitations and W.S. 1–3–111, the statute of repose. On February 7, 1991, after a hearing on these motions to dismiss, the trial court issued an order granting TSP's and CSSA's motions and dismissing them both from the case. That order stated, in part:

The parties agree that the provisions of W.S. § 1–3–107 state the applicable period of limitations with respect to all claims against the Defendants CSSA and TSP. * * *

* * * * * *

The plaintiffs did not file their complaint in this action within two years after the plaintiffs knew or should have known of the existence of a cause of action against the Defendants CSSA and TSP. Therefore the Defendants CSSA and TSP should be dismissed from this action.

Around the same time that CSSA and TSP presented these motions to dismiss, another defendant, Davis Surveying, filed a motion for summary judgment arguing, in addition to the two-year statute of limitations, that the statute of repose applied to bar the Bredthauers' claim against them. On February 15, 1991, the trial court issued an order dismissing Davis Surveying based on the two-year statute of limitations. In this order the trial court commented on the applicability of the statute of repose by stating:

15. The plaintiffs have asked this court to apply the ten year statute of limitations set forth in W.S. 1–3–111 to their claims against Defendant Davis. However, the court finds that W.S. 1–3–111 has no application to the facts of this case. * * *

The Bredthauers appealed to this court the February 7, 1991 order dismissing CSSA and TSP and presented as their only issue:

The Trial Court erred by finding that the causes of action against the surveyors * * * accrued to the Plaintiff–Appellants on June 9, 1988, and as such barred their claims filed on July 2[0], 1990, by operation of * * * W.S. 1–3–107(a)(i).

*Bredthauer I*, 824 P.2d at 561. As a result of this appeal, we held in *Bredthauer I:*

[A]s a matter of law, the Bredthauers' cause of action did not accrue before July 28, 1988, the date on which they received their land surveyor's report advising them that the surveys conducted by the appellee surveyors [CSSA and TSP] were, in its opinion, in error.

* * * * * *

The district court's finding that the cause of action accrued not later than June 9, 1988, is incorrect as a matter of law.

*Bredthauer I*, 824 P.2d at 562–64.

In the spring of 1992, after remand from *Bredthauer I*, TSP and CSSA both filed motions for summary judgment arguing that the statute of repose applies to bar the Bredthauers from bringing their action. The Bredthauers responded with a motion opposing CSSA's and TSP's motions, arguing that the doctrines of res judicata and judicial estoppel preclude CSSA and TSP from raising the statute of repose and asserting that this court's *Bredthauer I* opinion ruled that the two-year statute of limitations controls.

On June 23, 1992, the trial court heard oral arguments upon CSSA's and TSP's motions for summary judgment. During these arguments, the Bredthauers briefly mentioned the law of the case doctrine and specifically declined to argue the merits of applying the statute of repose to the facts of this case. In an order, filed on November 6, 1992, the district court rejected the Bredthauers' res judicata and judicial estoppel arguments, granted CSSA's and TSP's motions for summary judgment based on the statute of repose, and certified the order as final under W.R.C.P. 54(b). The Bredthauers now appeal this order.

## III. DISCUSSION

As we have stated many times,

[w]hen reviewing the trial court's grant of summary judgment, we examine the case in the same manner as the trial court. Our task requires that we make a dual finding that no genuine issue of material fact exists, and that the prevailing party was entitled to judgment as a matter of law. When considering questions of law, we accord no special deference to the district court's determination.

*Davidson v. Sherman*, 848 P.2d 1341, 1343 (Wyo.1993) (citations omitted). Since the Bredthauers have not raised an issue concerning the facts, we examine only if TSP and CSSA were entitled to judgment as a matter of law. Although the Bredthauers raise only a single issue, they argue a number of different legal theories as support. Thus, we will address each theory separately.

### A. JUDICIAL ESTOPPEL

■ This court has, on several occasions, invoked the doctrine of judicial estoppel. *Matter of Paternity of JRW*, 814 P.2d 1256, 1265–66 (Wyo.1991); *Zwemer v. Production Credit Ass'n*, 792 P.2d 245, 246 (Wyo.1990); *Anderson v. Sno–King Village Ass'n, Inc.*, 745 P.2d 540, 545 (Wyo. 1987); *Texas West Oil & Gas Corp. v. First Interstate Bank*, 743 P.2d 857, 866 (Wyo.1987); *Matter of Parental Rights of ARW*, 716 P.2d 353, 356 (Wyo.1986); *Snell*

*v. Ruppert*, 582 P.2d 916, 918 (Wyo.1978); *Gray v. Fitzhugh*, 576 P.2d 88, 91 (Wyo. 1978); *Allen v. Allen*, 550 P.2d 1137, 1142 (Wyo.1976); *Hatten Realty Co. v. Baylies*, 42 Wyo. 69, 89–93, 290 P. 561, 566–68 (1930). In *Hatten*, this court held that where "a man is successful in the position taken in the first proceeding" then that position "rise[s] to the dignity of conclusiveness." *Hatten*, 42 Wyo. at 93, 290 P. at 568.

In *Allen*, we described judicial estoppel as

a doctrine which estops a party to play fast and loose with the courts or to trifle with judicial proceedings. It is an expression of the maxim that one cannot blow hot and cold in the same breath. A party will just not be allowed to maintain inconsistent positions in judicial proceedings * * *.

*Allen*, 550 P.2d at 1142. In *JRW*, we stated that under the doctrine of judicial estoppel:

"[A] party who by his pleadings, statements or contentions, under oath, has assumed a particular position in a judicial proceeding is estopped to assume an inconsistent position in a subsequent action."

*JRW*, 814 P.2d at 1265–66 (*quoting* Black's Law Dictionary 761 (5th ed. 1979)). In addition to the requirement of inconsistent positions, most courts also require that the "initial position taken must be one regarding fact." In other words, judicial estoppel does not apply to legal conclusions based on undisputed facts. Rand G. Boyers, *Comment, Precluding Inconsistent Statements: The Doctrine of Judicial Estoppel*, 80 NW.U.L.Rev. 1244, 1262 (1986); *see also* 31 C.J.S. *Estoppel* § 117b at 627 (1964).

We decline to invoke judicial estoppel in this case because there is no evidence in the record that CSSA or TSP has played "fast and loose" with the courts, the position now asserted by TSP and CSSA is not inconsistent with any position they took previously in this litigation, and the two alleged inconsistent positions are legal conclusions and not statements of fact.

The Bredthauers assert that CSSA's and TSP's position in this appeal, that W.S. 1–3–111 (the statute of repose) bars the action, is inconsistent with the position they took in the earlier appeal, that W.S. 1–3–107 (two-year statute of limitations) was the applicable period of limitations for all of the Bredthauers' claims against CSSA and TSP. These positions, however, are not truly inconsistent because W.S. 1–3–107 is a statute of limitations and W.S. 1–3–111 is a statute of repose. As we have previously described:

> "Statutes of repose and statutes of limitations are often confused. They are similar in that both prescribe the time period within which a plaintiff may commence his suit. The distinguishing feature between the two is the time at which the respective periods commence. Generally, * * * if the plaintiff's cause of action accrues and the statutory period commences when the injury occurs, or, as is most often the case, when the plaintiff is or should be aware that he has been injured, the statute is properly termed a statute of limitations. If the statutory period commences upon the occurrence of an event, regardless of when the injury occurs, at a time when the plaintiff may or may not be aware of any injury, the statute is properly termed a statute of repose. * * * Consequently, the plaintiff's claim may be barred before he is or should be aware that he has been injured or has a claim."

*Worden v. Village Homes*, 821 P.2d 1291, 1295 (Wyo.1991) (*quoting State ex rel. Wyoming Worker's Comp. Div. v. Halstead*, 795 P.2d 760, 765 n. 9 (Wyo.1990)). Because a statute of repose and a statute of limitations can be applied to the same facts to bar the same cause of action, they are not truly inconsistent.

The statement contained in the parties' stipulation concerning CSSA's and TSP's initial position, "the parties agree that the provisions of W.S. § 1–3–107 state the applicable period of limitations * * *," is a legal conclusion because a statute of limitations defense is a question of law. *Mason v. Laramie Rivers Co.*, 490 P.2d 1062, 1065 (Wyo.1971). CSSA and TSP are not now asserting a new factual position, but only that a different statute, as applied to the same facts, bars the cause of action. Since judicial estoppel does not apply to inconsistent assertions of law, we reject the Bredthauers' invitation to invoke the doctrine.

### B.  RES JUDICATA & COLLATERAL ESTOPPEL

The Bredthauers next assert that the closely related doctrines of res judicata and collateral estoppel bar CSSA and TSP from raising the statute of repose defense. However, the Bredthauers failed to explain why or how these two doctrines bar CSSA and TSP from raising the statute of repose defense. Concerning the merits of the two doctrines, the Bredthauers make only the following conclusive statement:

> The Appellees are * * * collaterally estopped and prohibited by res judicata from asserting a new statute of limitations.

As we have held numerous times before, arguments not supported by cogent argument or authority will not be considered by this court. *Weisbrod v. Ely*, 767 P.2d 171, 176 (Wyo.1989).

### C.  OTHER ARGUMENTS

In their brief and reply brief, the Bredthauers raise several additional legal theories in support of their position that CSSA and TSP are precluded from raising the statute of repose. These legal theories include the law of the case doctrine, improperly raising an issue which is subject to a stipulation, waiver, W.R.C.P. 8(c), statutory construction, and constitutionality of the statute of repose. The problem with these arguments is that none of them were properly raised before the district court.

We strongly adhere to the rule forbidding us to "consider for the first time on appeal issues that were neither raised in, nor argued to, the trial court," except for those issues which are jurisdictional or are fundamental in nature. *Oatts v. Jorgenson*, 821 P.2d 108, 111 (Wyo.1991). We follow this rule because "it is unfair to reverse a ruling of a trial court for reasons

that were not presented to it, whether it be legal theories or issues never formally raised in the pleadings nor argued to the trial court." *Id.*

In their motions opposing CSSA's and TSP's motions for summary judgment, the Bredthauers raised only res judicata and judicial estoppel as legal theories to support their position. Additionally, the trial court's orders, granting summary judgment to CSSA and TSP based upon the statute of repose, addressed only res judicata and judicial estoppel. Although the Bredthauers' counsel did mention, at oral argument for the summary judgment motions, the notion of the law of the case, it was not discussed anywhere else in the record. Therefore, based on the record, it is clear that the only legal theories properly raised to and considered by the trial court were res judicata and judicial estoppel.

█ Of the additional legal theories raised on appeal by the Bredthauers, only one, the constitutionality of the statute of repose, fits the exceptions which permit review. The constitutionality of a statute is fundamental in nature, and, therefore, we may address that issue despite it not being properly raised below. *White v. Fisher,* 689 P.2d 102, 105 (Wyo.1984).

We have recently addressed the question of whether W.S. 1-3-111 (the statute of repose) is constitutional. *Worden,* 821 P.2d at 1291. In that case, we specifically held W.S. 1-3-111 constitutional in the face of art. 1, § 8 of the Wyoming Constitution. *Id.,* at 1295. Since the Bredthauers raise this same objection to the statute of repose, we need go no further than reaffirm our decision in *Worden* to reject their claim of unconstitutionality.

## IV. CONCLUSION

We affirm the trial court's grant of summary judgment to both CSSA and TSP because there are no issues of material fact and because the trial court was correct, as a matter of law, in concluding that the doctrines of judicial estoppel and res judicata did not preclude the application of W.S. 1-3-111.

MACY, Chief Justice, dissenting.

I dissent.

The issue of the application of Wyo.Stat. § 1-3-111(a) (1988) was res judicata when we remanded *Bredthauer v. Christian, Spring, Seilbach and Associates,* 824 P.2d 560 (Wyo.1992). In an order dismissing the Bredthauers' claim against Davis Surveying, which is not a party to this appeal, the district court determined that § 1-3-111(a) did not apply to the facts of this case. It also held that Wyo.Stat. § 1-3-107(a)(i) (1988) did apply and was fatal to the Bredthauers' case. It is clear that TSP and CSSA were relying upon only § 1-3-107(a)(i) as a bar to the Bredthauers' action against them. The Bredthauers appealed, but the other parties, including TSP and CSSA, did not appeal the ruling on § 1-3-111(a), which was adverse to them and which was appealable because the district court made the required W.R.C.P. 54(b) certification (no just reason for delay and express direction that judgment be entered). The only purpose for the interlocutory review pursuant to the W.R.C.P. 54(b) certification was to determine whether the Bredthauers' suit was barred by time (either by the statute of limitations or by the statute of repose). When this case was remanded to the district court, at least one thing was certain: Neither § 1-3-107(a)(i) nor § 1-3-111(a) barred the Bredthauers' action.

It is of no great significance whether we premise our decision upon the doctrine of res judicata or upon the law of the case. However, in my view, the doctrine of res judicata is the appropriate theory in this instance.

If the district court's ruling had done some sort of violence to the law, I might have been inclined to go along with the majority in this case; however, the district court was correct in its initial decision and, absent an appeal and reversal of that determination, its decision must stand.

THOMAS, Justice, dissenting.

I must dissent from the resolution of this case according to the majority opinion. In *Bredthauer v. Christian, Spring, Seilbach and Assoc.*, 824 P.2d 560 (Wyo.1992) (*Bredthauer I*), we reversed a dismissal of this case based upon the claimed defense of the statute of limitations, WYO.STAT. § 1–3–107 (1988), holding the plaintiffs were entitled to have an adjudication of their claims upon the merits. Subsequently, the defendants recognized they really meant to rely upon the statute of repose to defeat the plaintiffs' claims, and they persuaded the trial court they were entitled to a dismissal for that reason. The statute invoked, WYO. STAT. § 1–3–111 (1988) provides, in pertinent part (emphasis added):

(a) Unless the parties to the contract agree otherwise, no action to recover damages, whether in tort, contract, indemnity or otherwise, shall be brought more than ten (10) years after **substantial completion of an improvement to real property,** against any person constructing, altering or repairing the improvement, manufacturing or furnishing materials incorporated in the improvement, or performing or **furnishing services in the** design, planning, **surveying,** supervision, observation or management **of construction,** or administration of construction contracts for:

(i) Any deficiency in the design, planning, supervision, construction, surveying, manufacturing or supplying of materials or observation or management of construction.

In applying this statute to the facts of this case, the compelling questions for me are: **What improvement? What construction?**

There is no dispute the surveys in question were made of undeveloped real estate for the purposes of platting that real estate for a subdivision. *Bredthauer I.* More than fifty years ago, this court stated statutes of limitations are statutes of repose and are based on sound public policy, but the context may limit a term used in the statute. *Board of Comm'rs of Big Horn County v. Bench Canal Drainage Dist.*,

56 Wyo. 260, 108 P.2d 590 (1940). More recently we said:

Statutes of limitations are so construed that even if the case seems to be one within the reason, if it be not mentioned in the statute, it is not deemed that the legislature thought it proper to apply such limitations. *Roberts v. Roberts, 62 Wyo. 77, 91, 162 P.2d 117, 121 (1945),* same case subsequent appeal 64 Wyo. 433, 196 P.2d 361 (1948), *rehearing denied* 64 Wyo. 455, 197 P.2d 697.

*John Meier & Son v. Horse Creek Conservation Dist.*, 603 P.2d 1283, 1287 (Wyo. 1979).

The term "surveying" is used in the context of "substantial completion of an improvement to real estate." Another provision of the statute provides this definition:

As used in this act [§§ 1–3–110 through 1–3–113] "substantial completion" means the degree of completion at which the owner can utilize the improvement for the purpose for which it was intended.

WYO.STAT. § 1–3–110 (1988).

The term "improvement" is not defined in the provisions relating to the statutes of limitations and repose, but it is defined in the statutes relating to liens in this way:

"Improve or improvement" means:

(A) Demolition, erection, alteration or repair of any property for its **permanent benefit;**

(B) Any work performed or material furnished for the **permanent change** of any real property; and

(C) Materials manufactured pursuant to contract.

WYO.STAT. § 29–1–201(a)(iii) (1981) (emphasis added).

The surveys provided to the Bredthauers did not make any **permanent change** in this property nor was any **permanent benefit** afforded to the property. Logic dictates the surveys were detrimental to the property rather than beneficial. The issue confronting this court was correctly decided in *Ciancio v. Serafini*, 40 Colo.App. 168,

574 P.2d 876, 877–78 (1977), the court saying:[1]

We have found no case, and none has been called to our attention, which holds that a boundary survey alone constitutes an improvement. There is nothing in the complaint here, or in the agreed facts to indicate that the then owners who ordered the survey contemplated construction of a building. The survey shows on its face that it is a boundary survey only.

\*    \*    \*    \*    \*    \*

We hold that a survey which is not part of an improvement or building project does not constitute an "improvement to real property" as that term is used in § 13–80–127, C.R.S.1973, and that actions accruing because of negligence in performing such surveys are not within the purview of that statute.

The statute relied upon by the appellees and the trial court to justify dismissal does not connote any surveying other than surveying accomplished in connection with some construction upon the property. A survey for purposes of a subdivision is not contemplated by, and it is not mentioned in, the statute. Even if one were to conclude that somehow a survey for a subdivision plat constitutes an improvement to the property within the context of the statute, it is impossible to determine how the statute has been triggered by substantial completion in this instance. The owner has been effectively prevented from utilizing the survey for the purpose for which it was intended. The majority opinion, by judicial fiat, has expanded the scope of the statute, and that prerogative should be left to the legislature.

I submit this court was right the first time in holding the Bredthauers were entitled to have their claims determined on their merits. Reliance upon the statute of repose in this factual situation is nothing more than sophistry, and it should not be countenanced by this court. The case should be reversed, and I would so hold.

---

1. The statute in this case, Colo.Rev.Stat. § 13–80–127 (1973) provided:

All actions against any architect, contractor, engineer, or inspector brought to recover damages for injury to person or property caused by the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property shall be brought within two years after the claim for relief arises, and not thereafter, but in no case shall such an action be brought more than ten years after the substantial completion of the improvement to the property.