FOX, Justice,
dissenting, in which, DAVIS, Justice, joins.
[¶ 28] I respectfully dissent. As the majority recognizes, the HVAC is an "improvement" to real property under Wyo. Stat. Ann. § 1-8-111 (LexisNexis 2018). I believe a careful reading of the statute and the policy behind it require us to find that the triggering event to begin the period of repose is substantial completion of the HVAC improvement, not the date of substantial completion of a different improvement, the condominium. Further, there seems to be no basis for the conclusion that substantial completion of the condominium did not occur until the city issued a certificate of occupaney, at some date unrelated to the actual completion of the condominium.
[¶ 29] A statute of repose differs from a statute of limitations because it has no relation to a date of injury, but rather it begins "upon the occurrence of an event, regardless of when the injury occurs[.]" Worden v. Village Homes, 821 P.2d 1291, 1295 (Wyo.1991). The purpose of a statute of repose, and Wyo. Stat. Ann. § 1-8-111 in particular, is to further "the legitimate state objective of protecting the economic and social stability of the state." Worden, 821 P.2d at 1294. The legislature set forth its policy determination of the public interest when it enacted § 1-3-111, explaining the allocation of risk to insure against injury to the homeowner, and the interest of protecting "those providing goods and services necessary to the improvement of real property" from liability in perpetuity. 1981 Wyo. Sess. Laws ch. 166 § 2(a)@Giii) and (iv). The legislature recognized that one reason for providing such protection to service providers is that once they have completed their particular improvement, they "lack control over other *158 forces, uses and intervening causes[.]" Id. at (a)). An interpretation that extends the trigger for the statute of repose violates its policy by favoring the injured party rather than the service provider.
[¶ 30] On August 24, 2001, Penrose had installed the HVAC system to "the degree of completion at which the owner can utilize the improvement for the purpose it was intended." Wyo. Stat. Ann. § 1-8-110 (LexisNexis 2018). It had no control over other forces, and no control over when the condominium would be substantially completed or when a certificate of occupancy would be issued. If, as the majority concedes, the HVAC system is an "improvement" under the statute, it is the date of the substantial completion of that improvement that should trigger the statute of repose period, not some other date over which Penrose had no control.
[T31] Even if we look at the date of substantial completion of the condominium, the facts support a finding that the statute of repose had run by the time the Complaint was filed. The condominium was completed in early 2002. Thus, the Complaint, filed November 18, 2012, was filed more than ten years after the period had begun to run. The condominium had reached "the degree of completion at which the owner can utilize the improvement for the purpose for which it was intended." Wyo. Stat. Ann. § 1-8-110. The legislature made no reference in that statute or in § 1-8-111 to a certificate of occupancy. The legislature "specifically fo-cuse[d] on the extent to which a structure has been built as the measuring stick for whether the owner may use or occupy the structure for its intended purpose, not on the owner's legal right to use or occupy that structure for its intended purpose." Rosso v. Hallmark Homes of Minneapolis, Inc., 843 N.W.2d 798, 803 (Minn.Ct.App.2014);, see also, Ocean Winds Corp. of Johns Island v. Lane, 347 S.C. 416, 556 S.E.2d 377, 380 (2001) ("The purpose of the statute of repose is served where the period prescribed therein begins to run on the date installation and incorporation into a larger improvement is complete, rather than the date on which certificates of occupancy are issued.").
[¶ 32] To find that the "improvement" is not "substantially completed" until issuance of a certificate of occupancy is to put words in the statute that are not there, contrary to our rules of statutory interpretation. In re Adoption of Voss, 550 P.2d 481, 484-85 (Wyo.1976) ("[A] court cannot, under the guise of its powers of construction, rewrite a statute, supply omissions, or make other changes[.]"). Further, there is nothing in the definition of "improvement" that we adopted in Covington v. W.R. Grace-Conn., Inc., 952 P.2d 1105, 1107 (Wyo.1998) that suggests the physical work contemplated would also include an administrative function such as the issuance of a certificate of occupancy.
[¶ 33] For these reasons, I would affirm the district court's grant of summary judgment.