CIG EXPLORATION, INC.; and Colorado Interstate Gas Company, Appellants (Plaintiffs),

v.

STATE of Wyoming, DEPARTMENT OF REVENUE, Appellee (Defendant).

No. 93–204.

Supreme Court of Wyoming.

Sept. 8, 1994.

Lawrence J. Wolfe and Susan E. Laser-Bair of Holland & Hart, Cheyenne, for appellants.

Joseph B. Meyer, Atty. Gen., Vicci M. Colgan, Michael L. Hubbard, Sr. Asst. Attys. Gen., Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, CARDINE,* MACY ** and TAYLOR, JJ.

GOLDEN, Chief Justice.

█ In response to two certified questions, we hold that WYO.STAT. § 39–6–304(g) (1985), now repealed, was a statute of repose, rather than one of limitations, and thus it required that the taxpayer file an application for severance tax refund within two years of the date of overpayment. Having so concluded, we need not reach the second certified question which asks, if WYO.STAT. § 39–6–304(g) was a statute of limitations, did it permit only the property operator who originally filed the tax forms to file the refund application.

## BACKGROUND

In December, 1989, appellants, Colorado Interstate Gas Company and CIG Exploration, filed applications with the State of Wyoming for severance tax refunds for natural gas production from 1979 to 1987. The refund claims followed the Federal Energy Regulatory Commission's (FERC) order directing appellants to reduce their natural gas prices for those years and issue refunds for the difference between the two prices. Appellants sought severance tax refunds of approximately $911,000 for the difference between the amount of the tax paid on the higher prices initially charged, and later reduced by the FERC, and the amount of the tax which would have been paid at the reduced price.

Appellants filed their applications for severance tax refunds more than two years after paying the taxes but less than two years after FERC ordered the price reduction and refund. Appellee, the Department of Revenue (Department), denied appellants' refund claims as untimely, relying upon the following language in WYO.STAT. § 39–6–304(g):

All applications for refunds shall be made within two (2) years from payment of the erroneous tax.

The Department also ruled that application for severance tax refunds must be filed by the operator of the property.

Appellants appealed the Department's decision to the State Board of Equalization and contemporaneously filed a declaratory judgment action in district court. On September 13, 1993, the district court, upon stipulation of the parties and pursuant to Wyoming Rules of Appellate Procedure 11, certified to this court the questions set forth below. On November 17, 1993, this court issued an Order Agreeing to Answer Certified Question.

## CERTIFIED QUESTIONS

The district court certified the following questions for our review:

1. Whether the statute of limitations for severance tax refunds in W.S. 39–6–304(g) (1985, repealed 1988) requires an application for refund to be filed within two years of the date of overpayment, when discovery occurred after that time.

2. Whether a severance tax refund claim must be filed by the operator of the property who originally filed the tax forms, instead of a working interest owner.

## DISCUSSION

In *Enron Oil & Gas Co. v. Freudenthal,* 861 P.2d 1090, 1093 (Wyo.1993) and *Amoco v. State Bd. of Equalization,* 797 P.2d 552, 555 (Wyo.1990), this court held that the language of WYO.STAT. § 39–6–304(g) [1] was clear and unambiguous and required that all applications for severance tax refunds be made within two years of **payment** of the tax. Appellants acknowledge these holdings but contend they did not resolve the question whether WYO.STAT. § 39–6–304(g) is a statute of limitations or one of repose because in both *Enron* and *Amoco,* appellants assert, this court contradicted its holdings and ap-

---

* Retired July 6, 1994.

** Chief Justice at time of court's consideration.

1. WYO.STAT. § 39–6–304(g) reads:

Any excess tax found to have been paid, whether as the result of overpayment, an ap-

peal or an erroneous assessment shall be refunded to the person paying the tax. All applications for refunds shall be made within two (2) years from the payment of the erroneous tax.

plied the statute as one of limitations.[2] Thus appellants contend an ambiguity exists, and they request that we now resolve that alleged ambiguity and declare WYO.STAT. § 39–6–304(g) a statute of limitations and hold appellants' refund applications should have been considered from the date appellants discovered they were entitled to a refund, not from the date of payment of the tax.

Appellants contend we should declare WYO. STAT. § 39–6–304(g) a statute of limitations because the plain language of the statute supports such an interpretation and because the legislature has acquiesced in the Department's interpretation of the statute as one of limitations. We do not agree that this court's decisions in *Enron* and *Amoco* created an ambiguity, and we reiterate our holding from those cases that WYO.STAT. § 39–6–304(g) requires that refund applications be filed within two years from *payment* of the tax.

We turn first to appellants' contention that this court has treated WYO.STAT. § 39–6–304(g) as a statute of limitations. To support this position, appellants point to the following language in *Enron* and *Amoco:*

> In fact, Enron's assertion that it could not apply for its tax refund until the amount was determined by the Chevron appeals is contradicted by the record. Amended returns can and almost always are filed before the Board rules on take-in-kind appeals. Enron could have filed its refund claims but failed to do so.

*Enron,* 861 P.2d at 1094.

> Our ruling today only addresses the issue of whether the statute applies to the adjustments filed by Amoco. We do not decide whether the Department has cor-

rectly applied the statute in other instances.

*Amoco,* 797 P.2d at 555.

Appellants argue this language demonstrates this court reached its conclusion that neither taxpayer filed timely applications only after determining each failed to exercise diligence in discovering the existence of and/or amount of their refunds—that a finding of diligence would have changed the result in each case and may change the result in future cases. A determination of diligence, appellants argue, is irrelevant unless the statute is one of limitations as opposed to repose. We disagree with appellants' interpretation of the above-quoted language from *Enron* and *Amoco.*

In *Enron,* we declined the taxpayer's invitation to create an exception to the requirement of WYO.STAT. § 39–6–304(g) that applications for refunds be filed within two years of payment. We held that this court does not possess the authority to legislate an exception to an unambiguous statute because it would be fair or equitable to do so and also noted that, in that instance, fairness did not demand creation of such an exception because "Enron could have filed its refund claims but failed to do so." *Enron,* 861 P.2d at 1094. Read in context, our conclusion that the taxpayer did not act diligently in filing its application was clearly unrelated to our determination that the statute unambiguously required application for refund be made within two years from payment, and our conclusion that the taxpayer had not acted diligently did not dictate the outcome of the case.

Likewise, the language appellant relies upon from *Amoco* did not limit our holding in that case. The language, taken in context,

---

**2.** This court has distinguished statutes of repose and statutes of limitation as follows:

> Statutes of repose and statutes of limitation * * * are similar in that both prescribe the time period within which a plaintiff may commence his suit. The distinguishing feature between the two is the time at which the respective periods commence. Generally, if the plaintiff's cause of action accrues and the statutory period commences when the injury occurs, or, as is most often the case, when the plaintiff is or should be aware that he has been injured, the statute is properly termed a statute

of limitations. If the statutory period commences upon the occurrence of an event, regardless of when the injury occurs, at a time when the plaintiff may or may not be aware of any injury, the statute is properly termed a statute of repose. * * * Consequently, the plaintiff's claim may be barred before he is or should be aware that he has been injured or has a claim.

*Bredthauer v. TSP,* 864 P.2d 442, 446 (Wyo.1993) (quoting *Worden v. Village Homes,* 821 P.2d 1291, 1295 (Wyo.1991)).

was a rejection of the taxpayer's argument that our construction of WYO.STAT. § 39–6–304(g) should be influenced by the Department's prior interpretations of the statute. The full paragraph, from which appellants extracted their quote, reads:

> We find little merit in Amoco's pointing to other instances where the Department may or may not have applied the statute as written. Our ruling today only addresses the issue of whether the statute applies to the adjustments filed by Amoco. We do not decide whether the Department has correctly applied the statute in other instances.

*Amoco,* 797 P.2d at 555.

Read as a whole, and taken in context, the above-quoted language in no way suggests that this court will consider the timeliness of refund applications on a case-by-case basis, depending upon whether the taxpayer acted diligently in discovering its refund claim. Nor can any such language be found in *Amoco.* We clearly held in *Amoco* that WYO.STAT. § 39–6–304(g) required application for severance tax refunds be made within two years of *payment* of the tax, regardless of when the taxpayer discovers, diligently or otherwise, its right to a refund. *Amoco,* 797 P.2d at 555.

■ We address next appellants' contention that WYO.STAT. § 39–6–304(g) should now be declared a statute of limitations. Appellants first argue that WYO.STAT. § 39–6–304(g) should be treated as a statute of limitations because the legislature has acquiesced in the Department's prior interpretation of the statute as one of limitations. However, as we noted in *Amoco,* where the statute is clear and unambiguous, as we have held this one is, this court will not resort to rules of construction to determine the statute's meaning. Thus, the Department's interpretation of WYO.STAT. § 39–6–304(g) and the legislature's acquiescence in that interpretation are immaterial.

In their final argument, appellants contend that the statute's plain language supports an interpretation of the statute as one of limitations because it provides that refund applications must be made within two years from "the payment of the *erroneous* tax." Appellants assert the two year period does not begin to run until the tax is determined to be erroneous, and since the tax was not erroneous until FERC ordered the price reductions and refunds, that should be the date from which the two year period is measured.

While we understand the difficulty taxpayers face in determining the existence of and/or amount of their refund claims within two years of payment, this court has twice rejected the argument set forth by appellants. In *Enron,* we noted that an interpretation such as that urged here by appellants would ignore the mandatory "shall" in WYO. STAT. § 39–6–304(g) and the term "payment." *Enron,* 861 P.2d at 1093. We defined "payment" in *Amoco* as "when the severance tax was *actually paid.*" *Amoco,* 797 P.2d at 556 (emphasis added). As we noted in both *Amoco* and *Enron,* the legislature drafted WYO.STAT. § 39–6–304(g) to place the burden of compliance on the taxpayer, and "[w]e cannot legislate an exception to an unambiguous statute because it would be fair or equitable to do so." *Enron,* 861 P.2d at 1094; *Amoco,* 797 P.2d at 555.

Because we have determined that WYO. STAT. § 39–6–304(g) was a statute of repose, requiring application for refund within two years of payment of the tax, appellants' claims must be dismissed as untimely. We therefore need not address who, under WYO. STAT. § 39–6–304(g), must file the application for refund.

## CONCLUSION

WYO.STAT. § 39–6–304(g) was a statute of repose and clearly and unambiguously required that applications for severance tax refunds be made within two years of payment.