**Edward Lee PARODI, Appellant (Petitioner),**

v.

**WYOMING DEPARTMENT OF TRANSPORTATION, Appellee (Respondent).**

No. 96–105.

Supreme Court of Wyoming.

Nov. 7, 1997.

Dan O. Caldwell III, Thermopolis, for Appellant.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; and Lawrence A. Bobbitt, III, Senior Assistant Attorney General, Cheyenne, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

TAYLOR, Chief Justice.

■ For Wyoming drivers whose licenses have been suspended, Wyo. Stat. § 31–7–105(f) (1994) empowers the Wyoming Department of Transportation to grant limited driving privileges once in any five year period. Appellant urges us to read Wyo. Stat. § 31–7–105(e) as enabling a hearing examiner to ignore that five year restriction upon a showing of "good cause." Hearing examiners, however, cannot order the Wyoming Department of Transportation to violate the law. Therefore, we affirm the hearing examiner's denial of appellant's request for a second grant of limited driving privileges within five years.

## I. ISSUE

Appellant, Edward Lee Parodi (Parodi), identifies a single issue:

> Whether or not the limitations upon the issuance of limited driving privileges in the form of a probationary driver's license as set forth in W.S. § 31–7–105(f) apply to Hearing Examiners with the Office of Administrative Hearings who are acting under W.S. § 31–7–105(e).

Appellee, the Wyoming Department of Transportation (the Department), articulates essentially the same question:

> May a Hearing Examiner modify the suspension of a driver's license by granting a driver limited driving privileges when the driver has received limited driving privileges in a five (5) year period?

## II. FACTS

Parodi was granted limited driving privileges by the Department when his driver's license was suspended in 1993. On May 10, 1995, Parodi was arrested for driving under the influence of alcohol. Because his blood alcohol content proved to be over .10%, the Department issued notice of a proposed ninety-day suspension of Parodi's license to drive pursuant to Wyo. Stat. § 31–6–102 (1994).

Parodi did not contest his prior receipt of limited driving privileges, nor did he dispute the more immediate suspension of his license for driving under the influence of alcohol.

He did, however, request and receive a contested case hearing before a hearing examiner from the Office of Administrative Hearings to argue that Wyo. Stat. § 31–7–105(e) empowers a hearing examiner to modify a suspension more than once within a five year period upon a showing of "good cause."

Noting, anecdotally, that he and other hearing examiners have consistently held that the limitations set forth in Wyo. Stat. § 31–7–105(f) *do* restrict a hearing examiner's authority to modify suspension of a driver's license pursuant to Wyo. Stat. § 31–7–105(e), the hearing examiner upheld the Department's refusal to grant Parodi a second modified suspension within five years. The district court affirmed the decision and this appeal timely followed.

## III. STANDARD OF REVIEW

■ Absent evidentiary dispute, the standard of review for contested case hearings is simply stated as whether an agency's conclusions are in accordance with the law. *Amoco Production Co. v. Wyoming State Bd. of Equalization,* 797 P.2d 552, 554 (Wyo.1990) (*citing Employment Sec. Com'n of Wyoming v. Western Gas Processors, Ltd.,* 786 P.2d 866, 871 (Wyo.1990)).

■ This court interprets statutes by inquiring into the ordinary and obvious meaning of the words employed by the legislature according to the manner in which those words are arranged. *Sheridan Commercial Park, Inc. v. Briggs,* 848 P.2d 811, 815 (Wyo.1993). Statutes amenable to conflicting interpretations require resort to general principles of statutory construction in order to give effect to legislative intent. *Moncrief v. Wyoming State Bd. of Equalization,* 856 P.2d 440, 444 (Wyo.1993). Whether the task be interpretation or construction, it remains a "cardinal rule" that statutes be read *in pari materia* so that no part will be rendered inoperative or superfluous. *Matter of ALJ,* 836 P.2d 307, 310 (Wyo.1992); *Schulthess v. Carollo,* 832 P.2d 552, 557 (Wyo.1992).

■ Finally, an administrative agency has and may properly exercise only those powers granted by the legislature. *Pre-*

*ferred Energy Properties v. Wyoming State Bd. of Equalization,* 890 P.2d 1110, 1113 (Wyo.1995).

> "Stated in another manner, an administrative body has only the power and authority granted by the constitution or statutes creating the same * * *. Such statutes must be strictly construed or 'any reasonable doubt of existence of any power must be resolved against the exercise thereof' * * *."

*Hupp v. Employment Sec. Com'n of Wyoming,* 715 P.2d 223, 225 (Wyo.1986) (*quoting Tri–County Elec. Ass'n, Inc. v. City of Gillette,* 525 P.2d 3, 8–9 (Wyo.1974)).

## IV. DISCUSSION

Parodi's position is that the last sentence of Wyo. Stat. § 31–7–105(e) empowers a hearing examiner to order modification of driver's license suspensions more than once in any five year period. Examination of that sentence would, at first blush, appear to support Parodi's case:

> Upon hearing, the hearing examiner shall either rescind or uphold the action or upon a showing of good cause, may continue or modify a suspension of the license.

Wyo. Stat. § 31–7–105(e). Taken out of context, the language in question seems to suggest that a hearing examiner may continue or modify suspension of a driver's license unfettered by any restrictions, save the demonstration of some unspecified variety of "good cause."

The difficulty with Parodi's argument, of course, is that the language in question must be taken in the context of the surrounding Driver's License Act (Wyo. Stat. §§ 31–7–101 through 31–7–313 (1994)), lest the hearing examiner be left with no law whatsoever to guide the decision-making process. It is the Department, rather than the hearing examiner, which administers the Driver's License Act, pursuant to Wyo. Stat. § 31–7–103, and the legislature has imposed clear limits on that administration:

> The [Department's] discretion to continue or modify any order of suspension to allow driving privileges is limited as follows:

> (i) It shall be extended only in cases where failure to do so would cause an undue hardship;

> (ii) It shall be extended only once to any person in a five (5) year period[.]

Wyo. Stat. § 31–7–105(f).

Resolution of the apparent conflict between Wyo. Stat. §§ 31–7–105(e) and 31–7–105(f) depends not so much upon rules of statutory construction as it does upon an understanding of the respective roles played by the hearing examiner and the Department. The hearing examiner occupies a quasi judicial role pursuant to Wyo. Stat. § 31–7–105(b). The Department, on the other hand, is a *party* to the proceedings as defined by Wyo. Stat. § 16–3–101(b)(vi) (Rpl. 1997), the other *party* being Parodi. The appellation is crucial because the purpose of a contested case hearing is "a determination of all factual and legal issues *between the parties.*" *JM v. Department of Family Services,* 922 P.2d 219, 224 (Wyo.1996) (emphasis added).

Just as judicial review confers no new or enhanced jurisdiction upon the courts, so the mere request for a contested case hearing cannot empower the hearing examiner to order done what the Department cannot do, *ab initio. See Tri–County Elec. Ass'n, Inc.,* 525 P.2d at 9. The hearing examiner determines, through the contested case hearing, whether or not the Department has exercised its powers in a lawful manner. Absent factual disputes, the hearing examiner determines whether the Department has acted within its lawful authority. *See* Wyo. Stat. § 16–3–101(b)(ii) and *Amoco Production Co.,* 797 P.2d at 554. By the simplest of logic, what is beyond the lawful authority of the Department to accomplish is, *a fortiori,* equally beyond the authority of the hearing examiner to order the Department to accomplish.

Parodi's reading of Wyo. Stat. § 31–7–105(e) would impermissibly nullify the clear limits imposed upon modification of license suspensions by Wyo. Stat. § 31–7–105(f), rendering that subsection inoperative and superfluous. However, if Wyo. Stat. § 31–7–105(f) is read to limit the hearing examiner's discretion as well as the Department's, the

two subsections may be given the simultaneous force and effect demanded by our rules of statutory construction. Furthermore, the potential for wildly disparate interpretations of "good cause" is avoided by reference to the limitations articulated in Wyo. Stat. § 31–7–105(f).

## V. CONCLUSION

The limitations imposed on the Department by Wyo. Stat. § 31–7–105(f) circumscribe with equal force and effect the authority of the hearing examiner in contested case hearings brought pursuant to Wyo. Stat. § 31–7–105(b). To hold otherwise would be to eviscerate Wyo. Stat. § 31–7–105(f) and contravene our rule that doubts as to administrative authority will be construed against the existence of such authority.

The decision of the hearing examiner is affirmed.