Robert C. SAMUEL and William R. Chaney, Appellants (Plaintiffs),

v.

Mark ZWERIN, Appellee (Defendant).

No. 93–80.

Supreme Court of Wyoming.

Feb. 9, 1994.

Joseph F. Moore and Glenn W. Myers of Moore & Myers, Jackson, for appellants.

Paul Knight of Mullikin, Larson & Swift, Jackson,* for appellee.

* Order Granting Motion of Counsel for Appellee to Withdraw entered December 13, 1993.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

MACY, Chief Justice.

Appellants Robert C. Samuel and William R. Chaney commenced an action, praying for a judgment declaring that a restrictive covenant prohibited the on-site use of a trailer for habitation during construction and praying for injunctive relief prohibiting the trailer from being placed on the lot belonging to Appellee Mark Zwerin. The trial court found that the covenant did not prohibit such a use of the trailer, entered judgment denying the injunctive relief, and dismissed the complaint.

We affirm.

Appellants present four issues for our review:

**Issue 1.** Whether the Trial Court erred as a matter of fact and law in finding an ambiguity in Section 10 of the Declaration of Covenants, Conditions, and Restrictions for the Solitude Subdivision—Unit 1, which ambiguity permitted habitation of trailers during construction.

**Issue 2.** Whether the Trial Court's finding that there was a "custom" which permitted habitation of "construction trailers" was against the great weight of the evidence.

**Issue 3.** Whether a 32–foot fifth-wheel recreational vehicle which is equipped and used for habitation is a "construction trailer[."]

**Issue 4.** Whether the Trial Court erred in permitting Floyd King, Esquire to testify as an expert on behalf of Defendant/Appellee.

When the builder commenced construction of Appellee's home, he moved a trailer onto the lot. The builder's workers lived in, and stored supplies and equipment in, the trailer during construction of the home. Appellants objected and sought enforcement of the restrictive covenant which prohibited the use of a construction trailer in which one or more of the builder's employees live during construction.

■ The first two sentences of the covenant in question state:

10. PROHIBITED STRUCTURES. No trailer home, mobile home, tent, camper, basement, garage, outbuilding or any other structures of a temporary or mobile nature, shall be used as a place of residence or habitation, either temporarily or permanently. No house trailer, camper trailer, tent, shack or other structure of a temporary or insubstantial nature shall be erected, placed or be permitted to remain on any lot except as the same may be customarily employed by contractors or owners for and during the construction of improvements thereon or unless shielded from view by adjacent property owners either by fence or placement in a permitted building.

Appellants contend that the trial court erred when it determined that, as a matter of law, the first two sentences of the covenant, when read together, were ambiguous.

■ Whether language is ambiguous is a question of law. *Prudential Preferred Properties v. J and J Ventures, Inc.*, 859 P.2d 1267, 1271 (Wyo.1993). Language is ambiguous if it contains a double meaning. *McNeiley v. Ayres Jewelry Co.*, 855 P.2d 1242, 1244 (Wyo.1993) (citing *Cliff & Co., Ltd. v. Anderson*, 777 P.2d 595, 599 (Wyo.1989)). When language is ambiguous, extrinsic evidence is admissible to show its meaning. *Rolfe v. Varley*, 860 P.2d 1152, 1158 (Wyo. 1993). This Court conducts a *de novo* review of a trial court's conclusions of law. *Hopper v. All Pet Animal Clinic, Inc.*, 861 P.2d 531, 538 (Wyo.1993).

The first sentence of the covenant strictly prohibited habitation of trailers. The second sentence permitted the customary use of trailers on lots during construction of improvements. The covenant's language was susceptible to two different meanings when a builder temporarily housed workers in an on-site trailer, rendering the language to be ambiguous. Either habitation was strictly prohibited or the trailer and its habitation were permitted if the practice was customary.

We hold that the trial court did not err when it determined that, as a matter of law, the covenant was ambiguous and by admit-

ting extrinsic evidence to determine the covenant's meaning in order to resolve the ambiguity.

■ Appellants also contend that the trial court's finding that it was customary to permit habitation of construction trailers was against the great weight of the evidence. We will not disturb the trial court's findings unless the findings are clearly erroneous or contrary to the great weight of the evidence. *Hopper,* 861 P.2d at 538. We have stated in various ways on many occasions that, when making this determination, we will examine the evidence in the light most favorable to the appellee and leave out of consideration entirely the evidence of the unsuccessful party in conflict therewith. *E.R. v. L.T. (Adoption of G.A.R.),* 810 P.2d 113, 118 (Wyo.1991) (quoting *TR v. Washakie County Department of Public Assistance and Social Services,* 736 P.2d 712, 715 (Wyo.1987)). With this standard of review in mind, we note from the record that the subdivision developer testified that the covenant did not intend to prohibit construction trailers from being inhabited during construction. Several witnesses also testified that inhabiting construction trailers was customary in the subdivision. The record also includes photographs of three other construction trailers in use in the subdivision.

We hold that the trial court's findings were not erroneous and that sufficient evidence existed to establish that habitation of construction trailers was customary on lots in the subdivision during construction of buildings therein.

Appellants further contend that the trailer in question was a recreational vehicle and not a construction trailer. We fail to see what difference it makes whether the trailer was classified as being a recreational trailer or a construction trailer. The undisputed testimony readily reveals that, in addition to the trailer being used for temporary habitation, it was used to house blueprints, transits, files, records, and construction tools and that it was a customary practice to use trailers for such purposes in that particular subdivision.

■ Appellants also assert that allowing a partner in the law firm which was represent-

ing them in another case involving the subdivision's covenants to testify violated Wyo. Stat. § 1–12–101 (Supp.1993) and constituted prejudicial error. Section 1–12–101(a)(i) states:

(a) The following persons shall not testify in certain respects:

(i) An attorney ... concerning a communication made to him by his client ... in that relation, or his advice to his client.... The attorney ... may testify by express consent of the client ... and if the client voluntarily testifies the attorney ... may be compelled to testify on the same subject[.]

The attorney did not testify about communications from Appellants to his firm or advice from his firm to Appellants. Instead, he testified about his advice to Appellee concerning the covenant's meaning. Thus, § 1–12–101(a)(i) did not disqualify the attorney from being a witness for Appellee, and the trial court, therefore, did not abuse its discretion by permitting the attorney to testify. This Court does, however, direct the attorney's attention to Rules 1.7 and 1.10 of the Rules of Professional Conduct for Attorneys at Law.

We hold that, as a matter of law, the covenant in question was ambiguous as to whether or not construction trailers could be inhabited on construction sites within the subdivision and that the record contained sufficient competent extrinsic evidence to resolve this ambiguity by showing that trailers had been customarily used for the purpose since the covenant's effective date.

Affirmed.