John N. MORRIS and Norma B. Morris, and Polo Ranch Company, a Wyoming Corporation, Appellants (Defendants),

v.

Leland STAAB and Barbara Staab, d/b/a Leba Oil Company, Appellees (Plaintiffs).

No. 94–184.

Supreme Court of Wyoming.

June 12, 1995.

Henry F. Bailey, Jr. of Bailey, Pickering & Stock, Cheyenne, for appellants.

Rocklon L. Edmonds, Cheyenne, for appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

This case involves a contractual dispute over the terms of an oil well lease. The trial court found the terms of the agreement ambiguous and decided in favor of appellees Leland and Barbara Staab (hereinafter Staabs). Appellants John N. Morris, Norma B. Morris, and Polo Ranch Company (hereinafter Morrises) appeal that judgment.

We affirm.

Morrises raise three issues:

1. Whether the district court erred in failing to grant [Morrises'] motion for summary judgment in the face of [Staabs'] deposition admissions that what they were suing for were normal daily operating costs.

2. Whether the [Staabs] failed to meet their burden of proof by failing to offer any evidence of maintenance expenses incurred by them.

3. Whether the court erred in granting judgment in favor of [Staabs] given their admissions at trial that the expenses they were suing for were normal daily operating costs.

Staabs present two issues:

I. Whether or not the district court erred in denying the motion for summary judgment of the [Morrises].

II. Was there sufficient evidence presented at trial, when viewed in a light most favorable to [Staabs], to sustain the judgment of the trial court[?]

## FACTS

The Morrises own three oil wells. In 1984, the Staabs approached the Morrises about leasing the wells; and, after negotiations, Morrises' counsel drafted a lease agreement. The agreement was executed May 18, 1984, and the Staabs then began operating the wells. On several occasions the Staabs requested that the Morrises pay expenses incurred after two of the wells began to produce oil; however, Morrises did not comply. Due to the Morrises' refusal to pay expenses, the Staabs abandoned the oil wells in 1987. The Staabs then filed a complaint asking to be reimbursed for half of the expenditures incurred after the wells were producing oil.

The Morrises filed a motion for summary judgment which the trial court denied. At the bench trial, considerable confusion arose as to each party's obligations under the agreement. The dispute centered around the meaning of paragraphs 3, 5, and 6 of the agreement.

3. Lessee [Staabs] shall provide all labor, materials, supplies and equipment necessary to put each well in production in the following sequence, Polo Ranch 12–1, John Morris 1–12, Bell # 1.

\* \* \* \* \* \*

5. Normal daily operating costs shall be borne completely by Lessee [Staabs].

6. Maintenance costs other than those incurred in placing each well in production shall be shared on an equal basis by the parties hereto.

The Staabs expected to share expenses equally with the Morrises after the wells were producing oil. However, the distinction between "normal daily operating costs" and "maintenance costs other than those incurred in placing each well in production" could not be drawn by either the parties or expert testimony. In light of this ambiguity, the court construed the agreement against the drafting party, the Morrises. Specifically, the court determined that all costs which could be fairly categorized as production maintenance costs should be shared equally by the parties. The court relied on information from the Morrises as to the expenses involved. Morrises now appeal.

## SUMMARY JUDGMENT

The Morrises appeal the denial of their summary judgment motion. Subsequent to denial of the motion, a trial was held on the merits. Very recently, we were confronted with this issue for the first time. In *Cargill, Inc. v. Mountain Cement Co.,* 891 P.2d 57, 61 (Wyo.1995), we stated:

Whether the denial of a motion for summary judgment may be reviewed on appeal, following a trial on the merits, is an issue of first impression to this court. Before granting summary judgment, a court must determine whether there are any genuine issues of material fact in dispute and, if not, whether the moving party is entitled to judgment as a matter of law. *Roemer Oil Co. v. Aztec Gas & Oil Corp.,* 886 P.2d 259, 262 (Wyo.1994). This two-pronged analysis is inapplicable if a motion for summary judgment is denied and the case is heard on its merits. The first prong of summary judgment analysis is rendered moot when the trier of fact accepts a particular set of facts at trial.

When the "issue of material fact" prong of summary judgment analysis is removed, the only question that remains is whether the moving party is entitled to judgment as a matter of law. The proper procedural mechanism for challenging an adverse judgment, following a trial on the merits, is a motion for judgment as a matter of law. *We hold that it is improper to review the denial of a motion for summary judgment following a trial on the merits.*

*Bigney v. Blanchard,* 430 A.2d 839, 842–43 (Me.1981). We will not consider Cargill's argument that it is entitled to summary judgment.

(Emphasis added.) Therefore, we will not consider the Morrises' argument that they were entitled to summary judgment. This part of the Morrises' appeal is dismissed.

### SUFFICIENCY OF EVIDENCE

■ "We sustain a trial court's findings and judgment on questions of evidence unless they are clearly erroneous or contrary to the great weight of the evidence." *Hillard v. Marshall,* 888 P.2d 1255, 1260 (Wyo.1995). In making such a determination, we examine the evidence in a light most favorable to the appellee, without considering evidence of the appellant which conflicts therewith. *Samuel v. Zwerin,* 868 P.2d 265, 267 (Wyo.1994).

■ Morrises challenge the sufficiency of evidence to enforce the contract and require the Morrises to pay half of the production maintenance expenses. In construing an ambiguous contract provision, a court may look to extrinsic evidence to ascertain the meaning of the contract. *Idaho Migrant Council, Inc. v. Warila,* 890 P.2d 39, 41 (Wyo.1995). The court heard Mr. Staab's testimony that he believed the production maintenance costs were to be shared equally with the Morrises. Mr. Morris admitted in his own testimony that he was to share some expenses of the wells. The trial court heard sufficient evidence that some maintenance expenses were to be shared between the parties. When an agreement is ambiguous, the document must be construed against the drafter. *Idaho Migrant Council,* 890 P.2d at 41; *see also McNeiley v. Ayres Jewelry Co.,* 855 P.2d 1242, 1244 (Wyo.1993) and *Brazelton v. Jackson Drug Co., Inc.,* 796 P.2d 808, 810 (Wyo.1990). Consequently, the trial court applied the Staabs' interpretation of maintenance costs. The Staabs presented evidence as to the expenses claimed; however, in reaching the judgment, the trial court relied upon the Morrises' breakdown of expenses. Accordingly, we hold sufficient evidence was presented at trial to support a judgment for the Staabs.

### CONCLUSION

Summary judgment was properly denied, and the record reflects sufficient evidence to support the judgment. The judgment of the trial court is affirmed in all respects.