Nancy McCARTHY, d/b/a The Emerald Ranch, Appellant (Defendant),

v.

JAMES E. SIMON CO., Appellee (Plaintiff).

No. 95–228.

Supreme Court of Wyoming.

Sept. 16, 1996.

Charles Carpenter (argued), Denver, CO, and Paul Kapp, Sundahl, Powers, Kapp & Martin, Cheyenne, WY, for Appellant (Defendant).

Gary R. Scott (argued), Hirst & Applegate, Cheyenne, WY, for Appellee (Plaintiff).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN,* and LEHMAN, JJ.

* Chief Justice at time of oral argument.

LEHMAN, Justice.

Nancy McCarthy d/b/a The Emerald Ranch (McCarthy) appeals from a judgment of the district court which held that an oral agreement terminated a written contract providing for the removal of gravel from a pit on her property for use on a highway construction project by James E. Simon Company (Simon).

We affirm.

McCarthy offers six issues for consideration:

1. Whether a writing executed only by the purchaser is sufficient to convey stockpiled gravel or to otherwise evidence an oral contract to convey stockpiled gravel for the purpose of asserting a conversion claim.

2. Whether a writing which is relied upon to establish an oral agreement must be enforced in accordance with its terms.

3. Whether there was clear and convincing evidence establishing that the parties orally agreed to terminate the written agreement between them in its entirety.

4. Whether an agreement to terminate a written contract entered into without knowledge of a prior breach thereof operates to extinguish any remedy for the prior breach.

5. Whether full and fair disclosure of a contractual breach is required when a party seeks to "buyout" a contract and, thereby, extinguish any remedies for the prior breach.

6. Whether a party seeking waiver of a breach of its contractual obligations to another party is obligated to disclose that breach to the party from whom the waiver is sought.

Simon attempts to the simplify the matter:

Was there sufficient evidence to support the Trial Court's finding that the stockpiled gravel had been purchased by Plaintiff James E. Simon Co. and that Defendant Nancy McCarthy was therefore guilty of wrongful conversion of that stockpile?

## FACTS

McCarthy is the owner of the McCarthy Pit, a gravel pit. Simon is a construction company that was involved in work on a road project called the Battle Lake Road Project. The parties entered into a written contract whereby Simon agreed to exclusively utilize gravel from the McCarthy Pit for its work on the Battle Lake Project. Simon agreed to pay McCarthy $0.40 per ton for the gravel and, when the project was finished, to reclaim the area around the pit in compliance with the requirements established by the Wyoming Department of Environmental Quality.

Simon alleged, and the trial court agreed, that almost a year later the parties entered into an oral agreement to terminate the written contract for a $15,000 settlement plus the last 8,000 tons of rock still stockpiled at the pit. A check and letter were sent to McCarthy confirming this agreement. McCarthy cashed the check for $15,000. Finding that the parties had intended to terminate the written agreement, the trial court concluded that Simon was entitled to the remaining stockpiled rock at the pit and that McCarthy's refusal to allow Simon to remove it constituted a conversion.

## DISCUSSION

■ McCarthy raises several claims of error in the trial court's disposition.[1] She contends that Simon failed to prove the elements of its claim for conversion. Specifically, McCarthy argues that Simon failed to prove the amount of the rock it claimed or that it was entitled to legal possession. McCarthy also asserts that there was insufficient evidence demonstrating that the parties intended to terminate the written contract through the oral agreement. Finally, McCarthy claims that Simon breached the written agreement prior to the execution of the oral one and that breach vitiates the oral agreement as there was no waiver of the breach.

1. To the extent that McCarthy attempts to challenge the credibility of the witnesses at trial in her brief, we will not consider her argument. *Creek v. Town of Hulett*, 657 P.2d 353, 357 (Wyo. 1983). McCarthy also raises an argument under W.S. 34.1–2–201(a), the UCC statute of frauds.

■ A trial court's findings and judgment on questions of evidence are sustained unless they are clearly erroneous or contrary to the great weight of the evidence. *Morris v. Staab*, 896 P.2d 773, 775 (Wyo.1995) *(quoting Hillard v. Marshall*, 888 P.2d 1255, 1260 (Wyo.1995)). We look at the evidence in the light most favorable to the prevailing party, without considering appellant's evidence in conflict therewith. *Id.; Samuel v. Zwerin*, 868 P.2d 265, 267 (Wyo.1994).

■ A review of the record demonstrates there is sufficient evidence to support the determination that the parties intended to terminate the written agreement by execution of the oral one. At trial, the vice president of Simon testified it was agreed that the $15,000 payment was to buy out the previous contract and compensate McCarthy for rock removed and for the remaining stockpile. Also, McCarthy's son, who negotiated both agreements with Simon, testified in accordance with the testimony offered by Simon:

Q. And that $15,000, your understanding was to go for the royalties for material already taken from the pit, number one, true?

A. Yes.

Q. Number two, the $15,000 in part was to pay for the material that had been mined from the pit but was still stockpiled there, true?

A. In preparation of being hauled, yes.

Q. And, number three, the $15,000 was to go in part for the buyout of the November, 1991 agreement, true?

A. Yeah. It was in payment for the remainder of—in lieu of their obligation under the contract to haul the remainder of the gravel from our pit and pass the per ton royalties.

Q. That was a buyout of the previous agreement, true?

A. That was—Yeah, for what was used for, you know, the road project.

She has, however, done so for the first time on appeal. Accordingly, following our well established precedent, we decline·to address her argument. *See Stuckey v. State, ex rel. Worker's Compensation Div.*, 890 P.2d 1097, 1100 (Wyo.1995).

The trial court ruled that McCarthy's son acted as her agent during the negotiations, a finding McCarthy has chosen not to contest on appeal. Additionally, after negotiations, Simon sent McCarthy a letter:

As per our verbal agreement today, please find enclosed a check for $15,000.00 for complete payment on the Battle Lake Project, plus the 8,000 ton of rock that is currently stockpiled at the pit.

The foregoing evidence is more than sufficient to support the trial court's determination.

■ McCarthy's next argument centers around her contention that Simon had breached the written contract prior to the execution of the oral one. The written contract contained an exclusivity provision by which Simon was required to use only gravel from McCarthy's pit in the road project. Apparently, Simon began mining and crushing rock from another pit prior to the time the parties agreed to the oral contract. This, McCarthy insists, was a breach, and it was not waived since she had no knowledge of this at the time of the breach. Consequently, McCarthy contends that the oral agreement was not valid and she should be awarded damages for the breach.

The trial court found that McCarthy should have known that the buyout of the written contract included the exclusivity provision. We agree. It should have been obvious that, by buying out the written agreement, Simon was clearly going to be obtaining gravel from another source to complete the project. The testimony of McCarthy's son quoted *supra* indicates that McCarthy did, indeed, recognize that fact.

Additionally, testimony from Simon indicated that McCarthy was made aware of the fact that Simon was crushing rock from another pit during the negotiations on buying out the contract. While McCarthy disputed this, the trial court, which heard the testimony and observed the witnesses, believed the testimony of Simon. As we noted, the credibility of witnesses is in the province of the trial court, and this court will not reweigh its judgment. *Creek v. Town of Hulett,* 657 P.2d 353, 357 (Wyo.1983).

■ Finally, McCarthy challenges the sufficiency of the evidence to support the trial court's determination that McCarthy's refusal to allow Simon to remove the pile of rock constituted a conversion. McCarthy claims that the evidence does not establish Simon's right to possess the rock or to the amount of the rock and that this is fatal to Simon's conversion claim.

A cause of action in conversion consists of five elements which must be proved to effectuate a recovery by the plaintiff:

(1) he had a legal title to the converted property; (2) he either had possession of the property or the right to possess it at the time of the conversion; (3) the defendant exercised dominion over the property in a manner which denied the plaintiff his rights to use and enjoy the property; (4) in those cases where the defendant lawfully, or at least without fault, obtained possession of the property, the plaintiff made some demand for the property's return which the defendant refused; and (5) the plaintiff has suffered damage by the loss of the property.

*Ferguson v. Coronado Oil Co.,* 884 P.2d 971, 975 (Wyo.1994) (*quoting Frost v. Eggeman,* 638 P.2d 141, 144 (Wyo.1981)). In this case, Simon's right to possess the pile of rock is grounded in the oral agreement. This agreement, as we have already noted, was a valid and binding contract. According to the terms of that agreement, in exchange for a payment of $15,000, McCarthy agreed to, among other things, turn over ownership of the pile of rock to Simon. By barring access to the pit for removal, McCarthy converted property that legally belonged to Simon. The fact that the exact amount of rock in the pile was not known does not defeat that claim inasmuch as the record clearly discloses that the parties intended that Simon take ownership of the entire pile irrespective of the amount actually contained therein.

### CONCLUSION

There is sufficient evidence to support the trial court's conclusion that the written agreement was bought out by the execution of an oral one and that by refusing Simon access to remove the remaining crushed rock

from her property, McCarthy committed a conversion.

Affirmed.