2002 WY 128

Michael L. McMANAMAN,
Appellant (Defendant),

v.

Debra McMANAMAN, Appellee
(Plaintiff),

and

The State of Wyoming, Appellee.

No. 01–229.

Supreme Court of Wyoming.

Aug. 29, 2002.

Jerry M. Smith of Sigler & Smith Law Office, Torrington, Wyoming, Representing Appellant.

Hoke MacMillan, Wyoming Attorney General; Michael L. Hubbard, Deputy Attorney

General; Sue Chatfield, Assistant Attorney General, Representing Appellee State of Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN *, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1] In this appeal, we consider whether the failure to provide mandatory statutory notice voids an order of garnishment and whether the trial court correctly determined that proceeds from the sale of cattle are not exempt from the order of garnishment. After Appellant Michael L. McManaman's objection to garnishment and motion to quash garnishment were denied, his subsequent claim of exemption from garnishment was also denied. He contends that these orders are erroneous under Wyo. Stat. Ann. §§ 1–17–102(b) and 1–15–102(a)(vi). We affirm.

## ISSUES

[¶ 2] Appellant Michael L. McManaman states the issues as:

I. Whether the execution/garnishment of the Appellant's bank account was valid or lawful when Notice of Exemptions and Right to Hearing was not served on the Debtor/Appellant when the Judgment was entered as required by W.S. § 1–17–102(b).

II. Whether Proceeds from the sale of cattle qualify as "earnings" subject to exemption pursuant to Wyo. Stat. § 1–15–102(a)(vi).

Appellee State of Wyoming states the issues as:

I. Whether the district court correctly determined that notice after the garnishment properly protected the due process rights of the appellant.

II. Whether the district court correctly determined business profits from the sale of cattle are not earnings and are subject to garnishment.

Appellee Debra McManaman did not file a brief.

* Chief Justice at time of expedited conference

## FACTS

[¶ 3] On July 24, 1992, a decree of divorce was entered for McManaman and his wife. She was granted custody of two children, and McManaman was ordered to pay child support of $125 per month per child. In October of 1992, a supplemental judgment was entered ordering McManaman to pay the State of Wyoming $1,375 for child support arrearages at a rate of $23 per month. On January 31, 2000, the State of Wyoming petitioned the district court for relief against McManaman's failure to pay child support. On September 21, 2000, the district court entered an order reducing the arrearage to a money judgment totaling $21,283.05, and, in May of 2001, permitted McManaman to pay an additional $100 per month towards the arrearage.

[¶ 4] On July 23, 2001, Child Support Enforcement filed for a writ of garnishment which the district court had served on the Lusk State Bank. Although the writ directed the bank to answer and hold any funds, the bank sent the balance of McManaman's checking account, $11,270.56, to the court clerk along with its answer to the garnishment. After Child Support Enforcement was informed of the bank's action, it mailed to McManaman's attorney a copy of the precipe for writ of garnishment, a blank garnishee's answer to writ of garnishment, a copy of the order regarding modification of child support, and a notice of exemptions and right to hearing pursuant to Wyo. Stat. Ann. § 1–17–102(b).

[¶ 5] McManaman challenged the validity of the garnishment by filing an objection to garnishment and motion to quash garnishment. A hearing was held, and the district court ruled that Child Support Enforcement had failed to comply with statutes requiring that McManaman be provided with the May judgment as well as a copy of the notice of hearing and right to exemptions. The district court ruled, however, that this error did not render the garnishment void, and the motion to quash was denied. The district court ruled that McManaman had ten days to request a hearing for exemptions.

[¶ 6] McManaman requested a hearing for a claim of exemption, asserting that the funds garnished were proceeds from his cattle operation and his only source of income and were, therefore, earnings as defined by statute. The district court ruled that the funds in McManaman's bank account were not future income and did not qualify under the earnings exemption statute. The district court ordered the money be deposited in an interest bearing account pending appeal of this ruling. This appeal followed.

## DISCUSSION

[¶ 7] McManaman first contends that the failure to provide him with the statutorily required notices before garnishment of his funds violated his federal and state constitutional right to due process, voids the garnishment, and requires the return of his funds with interest. We, however, agree with the trial court's determination that the statute was violated, the proper remedy for the violation was the hearing provided, and the violation did not require voiding the garnishment. The relevant statute, Wyo. Stat. Ann. § 1–17–102 (LexisNexis 2001), provides:

§ 1–17–102. **Request for hearing when property seized under execution.**

(a) Except as provided in subsection (e) of this section, a person, other than a corporate entity, against whom a money judgment has been entered and whose property is seized under execution is entitled to a hearing within five (5) days, excluding Saturdays, Sundays and legal holidays, after the court receives the person's written request for a hearing to determine if the property seized is exempt from execution. The person whose property is seized shall file a written request for a hearing with the clerk of court within ten (10) days after seizure of his property.

(b) Except where the judgment is solely against corporate entities, the court shall attach to every money judgment a notice containing the following information:

"You are informed that since the judgment is entered the prevailing party may proceed to seize your property, funds or wages by execution or garnishment. In that event you may be entitled to the following exemptions:

(i) Social security benefits pursuant to 42 U.S.C. 407 and supplemental security income;

(ii) Veteran's benefits;

(iii) Black lung benefits;

(iv) Personal opportunities with employment responsibilities (POWER) payments;

(v) Federal civil service and state retirement system benefits as provided in 5 U.S.C. 8346 and W.S. 9–3–426 and 9–3–620;

(vi) Worker's compensation benefits;

(vii) Unemployment compensation benefits;

(viii) A portion of wages as provided in W.S. 1–15–408, or in the case of consumer credit sales, leases or loans, as provided by W.S. 40–14–505;

(ix) Homestead, personal articles and articles used for carrying on a trade or business to the extent provided by W.S. 1–20–101 through 1–20–109;

(x) Other exemptions as provided by law.

To assert your right to any of the foregoing exemptions you shall file a written request with the clerk of court within ten (10) days after seizure of your property, funds or wages. If you fail to make a written request for a hearing and claim one (1) or more of the foregoing exemptions within ten (10) days after seizure of your property, funds or wages, you may waive or lose your right to claim the exemptions."

(c) As to any judgment entered prior to June 11, 1986, the notice provided in this section shall be sent to the last known address of the judgment debtor by the clerk of court upon the request of any person before any property of the judgment debtor is seized by execution or garnishment.

(d) A copy of the money judgment together with the exemption information shall be transmitted by the court by first class United States mail, with the postage

prepaid in envelopes furnished and properly addressed by the prevailing party.

(e) Notwithstanding any other provision of this section, a judgment debtor who is served with a writ of continuing garnishment under W.S. 1–15–506 shall file objections to the continuing garnishment and receive a hearing on his objections as provided by W.S. 1–15–507 and 1–15–508.

[¶ 8]   As McManaman asserts, the district court recognized, and Child Support Enforcement concedes, the court and Child Support Enforcement failed to comply with sections (b) and (d) by failing to provide notice in the September or May judgments and failing to provide the court with envelopes and postage for mailing.   McManaman provides us with authority establishing that statutorily created exemptions from judgment executions are a property right protected by due process that entitle the beneficiaries of exemptions to the procedural due process rights of notice and hearing.   *See Goldberg v. Kelly*, 397 U.S. 254, 262, 90 S.Ct. 1011, 1017, 25 L.Ed.2d 287 (1970); *Aacen v. San Juan County Sheriff's Dep't*, 944 F.2d 691, 695 (10th Cir.1991).   He also provides authority that due process requires that state laws should contain provisions adequate for notifying a judgment debtor that exemptions exist, certain property seized may qualify for exemptions, and the right to a hearing.   McManaman, however, does not challenge the adequacies of Wyoming's statutory provisions.

[¶ 9]   Instead, McManaman asserts that the failure to notify him of exemptions at the time that judgment was entered against him deprived him of an opportunity to stay execution on garnishment before his property was attached, and this failure invalidates the garnishment as a matter of law.   He does not, however, provide authority for this assertion, and we have found none.   The violation of the statutorily mandated notice requirements, and the failure to provide procedural due process, required that the district court provide notice and hearing to McManaman, and, having done so, we hold that the garnishment of McManaman's bank account was valid although the notice of exemptions and right to hearing was not served on him at the time the September 2000 and May 2001 orders on judgment were entered.   The district court's orders denying objection to garnishment and motion to quash garnishment are affirmed.

[¶ 10]   McManaman next contends that the district court erred in determining that the statutory exemption for earnings does not apply to proceeds from the sale of his cattle.   He contends that his ranching operations are his sole source of income and the legislature intended to exempt earnings which provide for the basic necessities of life.   We proceed with our discussion of this issue, but note that a majority of jurisdictions now recognize that support orders are exceptions to statutory limitations on collection.   Because the parties here did not raise or brief the issue whether the garnishment statutory exemptions apply to court-ordered child support and arrearages reduced to money judgment, we assume without deciding that the statutory exemptions apply to this garnishment proceeding.

[¶ 11]   Wyo. Stat. Ann. § 1–15–102 (LexisNexis 2001) defines earnings as follows:

(a) As used in this chapter unless otherwise defined:

*       *       *       *       *       *

(vi) "Earnings" or "earnings from personal services" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, proceeds of any pension or retirement benefits or deferred compensation plan or otherwise;

*       *       *       .       *       *       *

[¶ 12]   McManaman relies upon our decision in *Lingle State Bank of Lingle v. Podolak*, 740 P.2d 392 (Wyo.1987).   *Podolak* considered an earnings exemption available under § 1–17–411, now superseded, and decided the legislature intended the earnings exemption to apply to income produced by farming and ranch.   *Id.* at 394.   Because new statutory provisions had taken effect at the time of the *Podolak* decision, we noted that the case was consequently circumscribed in future application.   *Id.* n. 1.   Relying upon this footnote and our decision in *Coones v. FDIC*, 796 P.2d 803 (Wyo.1990),

the State contends that this Court has already decided that proceeds from the sale of cattle are not exempt under § 1–15–102(a)(vi).

[¶ 13] In *Coones,* the general exemption statutes, Wyo. Stat. Ann. § 1–20–101 through 1–20–110, did not provide any provision for earnings exemption; however, the appellants in the case contended that a transferred application of the garnishment statute execution, § 1–15–102, provided a basis for allowing a rancher or farmer to claim a seventy-five percent exemption of proceeds from the sale of non-purchase money livestock and seventy-five percent of the value of crops planted and livestock born after the security interest was perfected. *Id.* at 805. *Coones* rejected appellant's contention, first, by noting that *Podolak* provided no precedent because the statute addressed in it no longer existed, and, secondly, because the statutory language "earnings for personal services" could not be interpreted to include any income other than that periodically payable by a third party. Specifically, *Coones* stated:

> We find from a comparison of the changed phraseology that the broadly based rules found in earlier Wyoming law were constricted by the 1987 definition which itemizes a character of identical rights, e.g., wages, salary, commission, bonus and proceeds of any pension or retirement benefit or deferred compensation plan. Statutes are entitled to a reasonable interpretation and we consider the character of benefits clearly defined within a wage and salary characterization. Profits and business earnings are outside the meaning of wage and salary. This interpretation gathers support from the garnishment statute provision which recognizes an obligation to pay as being different from profit or business earnings which involve a right to receive.

Appellants further contend that the word "otherwise" could suffice to provide entitlement for the broad character of rights found in *Podolak* to result from the prior statute. We cannot accept this thoughtful contention since its effect would be to disassociate the structure of the clause when relating to one character

of exempt funds by adding an almost unlimited character of other funds which would have no particular validation within the constraints of a continuing wage garnishment statutory system. We limit any application of "otherwise" in W.S. 1–15–102(a)(vi) to a character of third-party obligations payable for services rendered by the claimant for exemption. Intrinsic to the meaning of W.S. 1–15–102 are the provisions of W.S. 1–15–408 which are related to earnings for personal services periodically payable. Business profits and receipts from crop and livestock simply cannot be logically impressed with the garnishment concept.

*Id.* at 805–06.

[¶ 14] Although *Coones* involved bankruptcy issues, this last holding broadly sweeps and does not permit McManaman's argument to prevail. McManaman's bank account funds are not traceable to a third-party obligation payable periodically. Additionally, if the exemption did apply when the funds were owing, McManaman has not provided any argument or authority that the exemption was not extinguished upon payment of the earnings into his bank account. We, therefore, hold that McManaman's bank account funds are not exempt from the writ of garnishment and affirm the district court's order.